UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LABORERS' INTERNATIONAL UNION OF
NORTH AMERICA, LOCAL 785,

KASEY EIKLOR, CHARLES HOLLISTER, MICHAEL
DUNDON, DENNIS SHEAHAN, BRAD WALTERS,
FRANK JONES, JAY NIEDZIALKOWSKI, JOHN HEALY,
as Trustees of Laborers Local 785 Health & Welfare Trust,

KASEY EIKLOR, CHARLES HOLLISTER, MICHAEL
DUNDON, DENNIS SHEAHAN, BRAD WALTERS,
FRANK JONES, JAY NIEDZIALKOWSKI, JOHN HEALY,
as Trustees of Laborers Local 785 Pension Trust,

KASEY EIKLOR, CHARLES HOLLISTER, MICHAEL
DUNDON, DENNIS SHEAHAN, BRAD WALTERS,
FRANK JONES, JAY NIEDZIALKOWSKI, JOHN HEALY,
as Trustees of Laborers Local 785 Training and Apprenticeship
Fund,

KASEY EIKLOR, CHARLES HOLLISTER, MICHAEL
DUNDON, DENNIS SHEAHAN, BRAD WALTERS,
FRANK JONES, JAY NIEDZIALKOWSKI, JOHN HEALY,
as Trustees of Laborers Local 785 Defined Contribution Fund,

**COMPLAINT**

Civ. Case No.

3:25-cv-1362 (BKS/ML)

Plaintiffs,

-against-

SOLAR FOUNDATIONS, LLC;
JEFF FIELDER

Defendant.

Plaintiffs, LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, LOCAL

785 (the "Union"); and KASEY EIKLOR, CHARLES HOLLISTER, MICHAEL DUNDON,

DENNIS SHEAHAN, BRAD WALTERS, FRANK JONES, JAY NIEDZIALKOWSKI, JOHN

HEALY, as Trustees of Laborers Local 785 Health & Welfare Fund (the "H&W Fund"), KASEY

7291238v1 - 063782.0014

EIKLOR, CHARLES HOLLISTER, MICHAEL DUNDON, DENNIS SHEAHAN, BRAD WALTERS, FRANK JONES, JAY NIEDZIALKOWSKI, JOHN HEALY, as Trustees of the Laborers Local 785 Pension Fund ("Pension Fund"),   KASEY EIKLOR, CHARLES HOLLISTER, MICHAEL DUNDON, DENNIS SHEAHAN, BRAD WALTERS, FRANK JONES, JAY NIEDZIALKOWSKI, JOHN HEALY, as Trustees of the Laborers Local 785 Training and Apprenticeship Fund ("Training Fund"); and KASEY EIKLOR, CHARLES HOLLISTER, MICHAEL DUNDON, DENNIS SHEAHAN, BRAD WALTERS, FRANK JONES, JAY NIEDZIALKOWSKI, JOHN HEALY, as Trustees of the Laborers Local 785 Defined Contribution Fund ("Annuity Fund"), and by and through their attorneys, Lipsitz Green Scime Cambria, LLP, as and for their Complaint against Defendant SOLAR FOUNDATIONS LLC ("SOLAR FOUNDATIONS") and Defendant JEFF FIEDLER ("FIEDLER"), herein allege as follows:

## NATURE OF THE ACTION AND JURISDICTION

1.      This is a civil action brought pursuant to, *inter alia*, Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") as amended [29 U.S.C. §§1132(a)(3), and 1145], and Section 301 of the Labor-Management Relations Act of 1947 (29 U. S. C. §185) (hereinafter referred to as the "LMRA") by the Union and the Trustees of the Funds for breach of contract, injunctive and other equitable relief.

2.      This Complaint alleges that by failing, refusing or neglecting to comply with specific statutory and contractual obligations, Defendant SOLAR FOUNDATIONS violated its collective bargaining agreement with Plaintiff Union, the respective trust agreements of the Funds (hereinafter the "Trusts"), ERISA and/or the LMRA.

7291238v1 - 063782.0014

2

3.    This Complaint further alleges that Defendant Jeff FIEDLER, as a member-owner and agent of Defendant SOLAR FOUNDATIONS, and as a fiduciary within the meaning of Section 3(21) of ERISA [29 U.S.C. §§ 1002(21)(A)], breached his fiduciary duty to the Funds by failing to effect payment of employee fringe benefit contributions from Defendant SOLAR FOUNDATIONS to the H&W Fund, the Pension Fund, Training Fund, and the Annuity Fund.

4.    At all times relevant to this Complaint, Defendants transacted business within the State of New York including employing members of Plaintiff Union to perform work on construction projects within the State of New York.

5.    Jurisdiction of this Court is invoked under the following statutes:

(a)    Section 502 (e) (1) and (f) of ERISA [29 U.S.C. §1132(e)(1) and (f)]:

(b)    Section 301 of the LMRA (29 U.S.C. §185):

(c)    28 U. S. C. §1331 (federal question); and

(d)    28 U. S. C. §1337 (civil actions arising under the Act of Congress regulating commerce).

6.    Venue properly lies in this district under Section 502(e)(2) of ERISA [(29 U. S. C. §1132 (e)(2)] and Section 301 of LMRA (29 U. S. C. § 185).

## **PARTIES**

### **A. Plaintiff Labor Union**

7.    Plaintiff Union is a labor organization within the meaning of 29 U.S.C. §§ 152(5) and 185, which represents employees in an industry affecting commerce, as defined in 29 U.S.C. § 142 and 29 U.S.C § 1002(4).  The Union maintains an office at 622 W. State Street, Ithaca, New York 14850.

8.    Plaintiff Union, pursuant to the terms of various collective bargaining agreements

between Plaintiff Union and signatory employers, collects union dues and assessments, which such employers deduct from employees' wages and remit to Plaintiff Union.

9. Plaintiff Union, pursuant to the terms of various collective bargaining agreements between Plaintiff Union and signatory employers, is an authorized collection agent for the Death Benefits.

10. Defendants, as signatory to the CBA and pursuant to the terms of said CBA, was required to contribution the Health and Safety Fund ("NY Health & Safety") and the Laborers-Employers Cooperation and Education Trust ("LECET") by submitting contributions as required under the CBA to the Union's Funds Office.

**B. Plaintiffs Trustees of the Funds**

11. Plaintiffs KASEY EIKLOR, CHARLES HOLLISTER, MICHAEL DUNDON, DENNIS SHEAHAN, BRAD WALTERS, FRANK JONES, JAY NIEDZIALKOWSKI, JOHN HEALY, are the individual Trustees of jointly administered, multi-employer, labor-management trust funds established and maintained pursuant to various collective bargaining agreements in accordance with 29 U.S.C §§ 186(c)(5) and 186(c)(6), namely, the H&W Fund.

12. The H&W Fund is an employee benefit plan within the meaning of 29 U.S.C. § 1002(2) and (3) and is a multi-employer plan within the meaning of 29 U.S.C. §§ 1002(37) and 1145. The purpose of the H&W Fund is to provide health and welfare benefits to eligible union employees on whose behalf employers contribute to the H&W Fund pursuant to collective bargaining agreements between employers and the Union.

13. Plaintiffs KASEY EIKLOR, CHARLES HOLLISTER, MICHAEL DUNDON, DENNIS SHEAHAN, BRAD WALTERS, FRANK JONES, JAY NIEDZIALKOWSKI, JOHN HEALY, are the individual Trustees of jointly administered, multi-employer, labor-management

trust funds established and maintained pursuant to various collective bargaining agreements in accordance with 29 U.S.C §§ 186(c)(5) and 186(c)(6), namely, the Pension Fund.

14. The Pension Fund is an employee benefit plan within the meaning of 29 U.S.C. § 1002(1), (2) and (3), and is a multi-employer plan within the meaning of 29 U.S.C. §§ 1002(37) and 1145. The purpose of the Pension Fund is to provide pension benefits to eligible union employees on whose behalf employers contribute to the Pension Fund pursuant to collective bargaining agreements between employers and the Union.

15. Plaintiffs KASEY EIKLOR, CHARLES HOLLISTER, MICHAEL DUNDON, DENNIS SHEAHAN, BRAD WALTERS, FRANK JONES, JAY NIEDZIALKOWSKI, JOHN HEALY, are the individual Trustees of jointly administered, multi-employer, labor-management trust funds established and maintained pursuant to various collective bargaining agreements in accordance with 29 U.S.C §§ 186(c)(5) and 186(c)(6), namely, the Training Fund.

16. The Training Fund is an employee benefit plan within the meaning of 29 U.S.C. § 1002(1), (2) and (3), and is a multi-employer plan within the meaning of 29 U.S.C. §§ 1002(37) and 1145. The purpose of the Training Fund is to provide apprentice training and journeyperson retraining to eligible union employees on whose behalf employers contribute to the Training Fund pursuant to collective bargaining agreements between employers and the Union.

17. Plaintiffs KASEY EIKLOR, CHARLES HOLLISTER, MICHAEL DUNDON, DENNIS SHEAHAN, BRAD WALTERS, FRANK JONES, JAY NIEDZIALKOWSKI, JOHN HEALY are the individual Trustees of jointly administered, multi-employer, labor-management trust funds established and maintained pursuant to various collective bargaining agreements in accordance with 29 U.S.C §§ 186(c)(5) and 186(c)(6), namely, the Annuity Fund.

18. The Annuity Fund is an employee benefit plan within the meaning of 29 U.S.C. §

7291238v1 - 063782.0014

5

1002(1), (2) and (3), and is a multi-employer plan within the meaning of 29 U.S.C. §§ 1002(37) and 1145. The purpose of the Annuity Fund is to provide various fringe benefits to eligible union employees on whose behalf employers contribute to the Annuity Fund pursuant to collective bargaining agreements between employers and the Union.

19.     All of the above-referenced Local funds are hereinafter referred to collectively as the "Funds." The Funds maintain their offices and are administered at 622 W. State Street, Ithaca, New York 14850.

### C. Defendants

20.     Upon information and belief, at all times material hereto, Defendant SOLAR FOUNDATIONS has been a foreign limited liability company doing business in the State of New York as an employer within the meaning of Sections 3(5) and 515 of ERISA [29 U.S.C. §§ 1002(5) and 1145] and has been an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

21.     Defendant SOLAR FOUNDATIONS maintains offices at 1409 Doughty Road, Egg Harbor Township, New Jersey 08234.

22.     Upon information and belief, at all times material hereto, Defendant FIEDLER is and has been the controlling officer and managing agent of Defendant SOLAR FOUNDATIONS and a fiduciary within the meaning of Section 3(21) of ERISA [29 U.S.C. §§ 1002(21)(A)] with respect to contributions to the Funds that are currently due and owing and which may become due and owing to the Funds from Defendant SOLAR FOUNDATIONS during the pendency of this action.

23.     Upon information and belief, Defendant Fielder is a resident of the State of New Jersey.

7291238v1 - 063782.0014

## THE AGREEMENTS

24.    Defendant SOLAR FOUNDATIONS was signatory to a collective bargaining agreement with Plaintiff Union effective April 1, 2022, through March 31, 2025 (the "CBA"). The CBA is attached hereto as **Exhibit A**.

25.    A copy of Defendant SOLAR FOUNDATIONS's Signatory Sheet is attached hereto as **Exhibit B**.  Defendant FIEDLER signed the signature sheet on behalf of SOLAR FOUNDATIONS, titling himself a "member" of the LLC. *See* **Exhibit B**.  Attached as **Exhibit C** is a copy of the email FIEDLER sent to the Union on April 2, 2024, with the CBA signature sheets attached.

26.    Defendant SOLAR FOUNDATIONS has not submitted any Employer Withdrawal Notice to the Union.  Defendant SOLAR FOUNDATIONS has not withdrawn from the CBA.

27.    The Agreement and Declaration of Trust ("Trust Agreement") and Amendments to the Trust for the H&W Fund is attached hereto as **Exhibit D**.  Employer contributions due and owing to the H&W Fund constitute assets of the H&W Fund.  *See* **Exhibit D**.

28.    The Trust Agreement and Amendments to the Trust Agreement for the Pension Fund is attached hereto as **Exhibit E**.  Employer contributions due and owing to the Pension Fund constitute assets of the Ithaca Pension Fund.  *See* **Exhibit E**.

29.    The Trust Agreement for the Training Fund is attached hereto as **Exhibit F**. Employer contributions due and owing to the Training Fund constitute assets of the Training Fund. *See* **Exhibit F.**

30.    The Trust Agreement for the Annuity Fund is attached hereto as **Exhibit G**. Employer contributions due and owing to the Annuity Fund constitute assets of the Fund.  *See*

7291238v1 - 063782.0014

**Exhibit G.**

31.    A copy of the Laborers Local 785 Benefits Funds Collections Policy is attached hereto as **Exhibit H**.

32.    Pursuant to the terms of the CBA, Trust Agreements, and Collections Policy, Defendant SOLAR FOUNDATIONS is required, *inter alia*, to:

a. File contribution reports (sometimes referred to as "Remittance Reports") with the Funds by the fifteenth (15th) day of the month following the month during which the work covered by the applicable CBA (hereinafter referred to as "covered work") was performed;

b. Pay by the fifteenth (15th) day of the month following the month during which the covered work was performed monetary contributions to the H&W Fund at the rates set forth in the CBA for all hours of work performed by Defendant SOLAR FOUNDATIONS's employees covered by the CBA; and

c. Pay by the fifteenth (15th) day of the month following the month during which the covered work was performed monetary contributions to the Pension Fund at the rates set forth in the CBA for all hours of work performed by Defendant Solar Foundation's employees covered by the CBA; and

d. Pay by the fifteenth (15th) day of the month following the month during which the covered work was performed monetary contributions to the Training Fund at the rates set forth in the CBA for all hours of work performed by Defendant SOLAR FOUNDATIONS's employees covered by the CBA; and

e. Pay by the fifteenth (15th) day of the month following the month during which the covered work was performed monetary contributions to the Annuity Fund at

7291238v1 - 063782.0014

the rates set forth in the CBA for all hours of work performed by Defendant SOLAR FOUNDATIONS's employees covered by the CBA; and

f.  Pay by the fifteenth (15th) day of the month following the month during which the covered work was performed monetary contributions for the LECET and New York Health & Safety funds to the Union at the rates set forth in the CBA for all hours of work performed by Defendant SOLAR FOUNDATIONS's employees covered by the CBA; and

g.  Deduct members' authorized Death Benefit contributions from the wages of each of its employees performing covered work at the rates set forth in the CBA and remit such deducted Death Benefit contributions to Plaintiff Union by the fifteenth (15th) day of the month following the month during which the covered work was performed by SOLAR FOUNDATIONS's employees; and

h.  Deduct Union membership dues and dues assessments from the wages of each of its employees performing covered work at the rates set forth in the CBA and remit such deducted Union membership dues to Plaintiff Union by the fifteenth (15th) day of the month following the month during which the covered work was performed by SOLAR FOUNDATIONS's employees.

33.    Upon information and belief, Union members were employed by Defendant SOLAR FOUNDATIONS during September 2024, through November 2024, and performed work for Defendant SOLAR FOUNDATIONS covered by the CBA.

34.    Upon information and belief, Defendant SOLAR FOUNDATIONS did not pay contributions to the Funds and did not remit employee payroll deductions, as required by the CBA, for work performed by employees of Defendant Solar during the period of September

7291238v1 - 063782.0014

9

2024, to November 2024 (collectively the "Relevant Period"). Copies of Payroll Reports prepared by Heidi O'Rouke, Funds Administrator, using information provided by SOLAR FOUNDATIONS for the Relevant Period are attached hereto as **Exhibit I.**

## REMEDIES FOR BREACH OF OBLIGATIONS TO THE FUNDS AND UNION

35.     Pursuant to the terms of Section 515 of ERISA (29 U.S.C. § 1145), employers such as Defendant SOLAR FOUNDATIONS are required to pay employee fringe benefit contributions to Plaintiffs in accordance with the terms and conditions of the CBA.

36.     Failure to make such payment or to timely effect payment of the contributions constitutes a violation of the CBA and Section 515 of ERISA (29 U.S.C. § 1145).

37.     Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employer violation as set forth above, the Funds shall be awarded the unpaid contributions, plus interest and liquidated damages on the unpaid and/or untimely paid contributions (both computed at the rate provided under a fund's plan or, if none, at the rate prescribed under Section 6621 of Title 26 of the United States Code [26 U.S.C. § 6621]), together with reasonable attorneys' fees and costs of the action, and such other legal or equitable relief as the court deems appropriate.

38.     Pursuant to ERISA Sections 403(a) and 404, the applicable regulations and case law, fiduciaries of an employee benefit fund are personally liable for fund assets that were not properly paid to the Funds, and which were retained and/or diverted for their own use or benefit.

39.     Pursuant to Plaintiffs Funds' Collections Policy, Plaintiff Union and Plaintiff Funds are entitled to interest at the rate of one percent (1%) per month, compounded monthly, and calculated from the date the contributions were due to Plaintiff Union and the Funds, liquidated damages in the amount of twenty percent (20%) of the amount of the delinquent

7291238v1 - 063782.0014

contributions and all attorneys' fees, paralegal fees, accountants' fees, audit fees and other costs of collection of all required fund contributions, dues and assessments. *See* **Exhibit H**.

40.     The failure of an employer to pay contributions to the Funds, or to retain and remit the withheld Union dues and dues assessments, and all other monies owned for work performed, to Plaintiff Union, constitutes a breach of contract between an employer and a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

## AS AND FOR PLAINTIFFS' FIRST CLAIM FOR RELIEF

**(PLAINTIFFS' CLAIM AGAINST DEFENDANT SOLAR FOUNDATIONS AND DEFENDANT FIEDLER FOR DELINQUENT H&W FUND CONTRIBUTIONS)**

41.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 39 of this Complaint, as if fully set forth herein.

42.     Pursuant to the CBA and Trust Agreement, Defendant SOLAR FOUNDATIONS must pay contributions to the H&W Fund at the rates set forth in the CBA for all hours worked by its employees covered by the CBA.

43.     Upon information and belief, Defendant FIEDLER was and is, at all times relevant hereto, the principal officer and managing agent of Defendant SOLAR FOUNDATIONS and was and is responsible for the submission of remittance reports setting forth the total of all contributions owing to the Funds, and for remitting such amounts to the Funds on or before the dates set forth in the CBA.

44.     As the principal officer and managing agent of Defendant SOLAR FOUNDATIONS, Defendant FIEDLER, at all times relevant hereto, had the authority to and did make decisions as to how the assets of Defendant SOLAR FOUNDATIONS would be distributed, including, *inter-alia,* which creditors of Defendant SOLAR FOUNDATIONS would

or would not be paid by Defendant SOLAR FOUNDATIONS.

45.     Union members were employed by Defendant SOLAR FOUNDATIONS during the Relevant Period and performed work for Defendant SOLAR FOUNDATIONS covered by the CBA.

46.     Upon information and belief, Defendant FIEDLER decided that Defendant SOLAR FOUNDATIONS would not pay, and indeed failed to pay, certain contributions to the H&W Fund as required by the CBA, for work performed by Defendant SOLAR FOUNDATIONS's employees during the Relevant Period.

47.     Employee fringe benefit contributions became assets of the H&W Fund when they became due and payable to the H&W Fund by Defendant Solar Foundation.

48.     Defendant FIEDLER was a fiduciary with respect to the delinquent contributions owing from Defendant SOLAR FOUNDATIONS to the H&W Fund for covered work performed by Defendant SOLAR FOUNDATIONS's employees during the Relevant Period at the time such contributions became due and payable to the H&W Fund by Defendant SOLAR FOUNDATIONS, pursuant to Section 3(21) of ERISA [29 U.S.C. §§ 1002(21)(A)].

49.     Further, Defendant FIEDLER is a fiduciary with respect to any contributions required to be made by Defendant SOLAR FOUNDATIONS during the pendency of this action at the time such contributions become due and owing to the Funds.

50.     Defendant FIEDLER breached his fiduciary duty with respect to the H&W Fund by failing to effect payment from Defendant SOLAR FOUNDATIONS to the H&W Fund for covered work performed by its employees during the Relevant Period in violation of ERISA Section 409(a) [29 U.S.C. §1109].

51.     Defendant SOLAR FOUNDATIONS' failure to make payment, or timely effect

payment, of employee fringe benefit contributions to the H&W Fund constitutes violations of the CBA, the applicable Trust Agreements, 29 U.S.C. § 301 and of Section 515 of ERISA (29 U.S.C. § 1145).

52.     Accordingly, Defendant SOLAR FOUNDATIONS is liable to Plaintiffs for:

a.  Delinquent employee fringe benefit fund contributions to the H&W Fund in the amount of $22,581.00 for covered work performed by its employees during the Relevant Period (*see* **Exhibit I**); and

b.  interest on the unpaid and/or untimely paid contributions in the amount of $2,957.41 at the rate of one percent (1%) per month, compounded monthly, and calculated from the date the contributions were due, which shall continue to accrue during the pendency of this action (*id.*); and

c.  liquidated damages in the amount of $4,516.20, which is equal to twenty percent (20%) of the total delinquent contributions to the H&W Fund (*id.*).

**<u>AS AND FOR PLAINTIFFS' SECOND CLAIM FOR RELIEF</u>**

**(PLAINTIFFS' CLAIM AGAINST DEFENDANT SOLAR FOUNDATIONS AND DEFENDANT FIEDLER FOR DELINQUENT EMPLOYEE FRINGE BENEFIT CONTRIBUTIONS TO THE PENSION FUND)**

53.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 51 of this Complaint, as if fully set forth herein.

54.     Pursuant to the CBA and the Trust Agreements, Defendant SOLAR FOUNDATIONS was required to make full and timely payments to the Pension Fund for all covered work performed by its employees at the rates and times set forth in the CBA.

55.     Defendant FIEDLER was and is, at all times relevant hereto, the principal officer

and managing agent of Defendant SOLAR FOUNDATIONS and was and is responsible for the submission of remittance reports setting forth the total of all contributions owing to the Funds, and for remitting such amounts to the Funds on or before the dates set forth in the CBA.

56.     Upon information and belief, as the principal officer and managing agent of Defendant SOLAR FOUNDATIONS, Defendant FIEDLER, at all times relevant hereto, had the authority to and did make decisions as to how the assets of Defendant SOLAR FOUNDATIONS would be distributed, including, *inter-alia,* which creditors of Defendant SOLAR FOUNDATIONS would or would not be paid by Defendant SOLAR FOUNDATIONS.

57.     Union members were employed by Defendant SOLAR FOUNDATIONS during the Relevant Period and performed work for Defendant SOLAR FOUNDATIONS covered by the CBA.

58.     Defendant FIEDLER decided that Defendant SOLAR FOUNDATIONS would not pay, and indeed failed to pay, certain contributions to the Pension Fund, as required by the CBA, for work performed by Defendant SOLAR FOUNDATIONS's employees during the Relevant Period.

59.     Employee fringe benefit contributions became assets of the Pension Fund when they became due and payable to the Pension Fund by Defendant SOLAR FOUNDATIONS.

60.     Defendant FIEDLER was a fiduciary with respect to the delinquent contributions owing from Defendant SOLAR FOUNDATIONS to the Pension Fund for covered work performed by Defendant SOLAR FOUNDATIONS's employees during the Relevant Period at the time such contributions became due and payable to the Pension Fund by Defendant SOLAR FOUNDATIONS, pursuant to Section 3(21) of ERISA [29 U.S.C. §§ 1002(21)(A)].

61.     Further, Defendant FIEDLER is a fiduciary with respect to any contributions

7291238v1 - 063782.0014

required to be made by Defendant SOLAR FOUNDATIONS during the pendency of this action at the time such contributions become due and owing to the Funds.

62.    Defendant FIEDLER breached his fiduciary duty with respect to the Pension Fund by failing to effect payment from Defendant SOLAR FOUNDATIONS to the Funds for covered work performed by its employees during the Relevant Period in violation of ERISA Section 409(a) [29 U.S.C. §1109].

63.    Defendant SOLAR FOUNDATIONS's failure to make payments due or timely effect payment of employee fringe benefit contributions to the Pension Fund constitutes violations of the CBA, the Trust Agreement for the Pension Fund, 29 U.S.C. § 301 and of Section 515 of ERISA (29 U.S.C. § 1145).

64.    Accordingly, pursuant to the CBA and Section 502 of ERISA (29 U.S.C. § 1132), Defendant SOLAR FOUNDATIONS is liable to Plaintiffs for:

a.  delinquent employee fringe benefit contributions to the Pension Fund in the amount of $16,782.75 for covered work performed by Defendant SOLAR FOUNDATIONS's employees during the Relevant Period (*see* **Exhibit H**); and

b.  interest on the unpaid and/or untimely paid contributions in the amount of $2,196.58 calculated at the rate of one percent (1%) per month, compounded monthly, and calculated from the date the contributions were due, which shall continue to accrue during the pendency of this action (*id.*); and

c.  liquidated damages in the amount of $3,356.55, which is equal to twenty percent (20%) of the total delinquent contributions to the Pension Fund (*id.*).

7291238v1 - 063782.0014

## AS AND FOR PLAINTIFFS' THIRD CLAIM FOR RELIEF

## (PLAINTIFFS' CLAIM AGAINST DEFENDANT SOLAR FOUNDATIONS AND DEFENDANT FIEDLER FOR DELINQUENT EMPLOYEE FRINGE BENEFIT CONTRIBUTIONS TO THE TRAINING FUND)

65.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 63 of this Complaint, as if fully set forth herein.

66.     Pursuant to the CBA and the Trust Agreements, Defendant SOLAR FOUNDATIONS was required to make full and timely payments to the Training Fund for all covered work performed by its employees at the rates and times set forth in the CBA.

67.     Upon information and belief, Defendant FIEDLER was and is, at all times relevant hereto, the principal officer and managing agent of Defendant SOLAR FOUNDATIONS and was and is responsible for the submission of remittance reports setting forth the total of all contributions owing to the Funds, and for remitting such amounts to the Funds on or before the dates set forth in the CBA.

68.     As the principal officer and managing agent of Defendant SOLAR FOUNDATIONS, Defendant FIEDLER, at all times relevant hereto, had the authority to and did make decisions as to how the assets of Defendant SOLAR FOUNDATIONS would be distributed, including, *inter-alia,* which creditors of Defendant SOLAR FOUNDATIONS would or would not be paid by Defendant SOLAR FOUNDATIONS.

69.     Union members were employed by Defendant SOLAR FOUNDATIONS during the Relevant Period and performed work for Defendant SOLAR FOUNDATIONS covered by the CBA.

70.     Defendant FIEDLER decided that Defendant SOLAR FOUNDATIONS would not pay, and indeed failed to pay, certain contributions to Training Fund, as required by the CBA,

for work performed by Defendant SOLAR FOUNDATIONS's employees during the Relevant Period.

71.    Employee fringe benefit contributions became assets of the Training Fund when they became due and payable to the Training Fund by Defendant SOLAR FOUNDATIONS.

72.    Defendant FIEDLER was a fiduciary with respect to the delinquent contributions owing from Defendant SOLAR FOUNDATIONS to the Training Fund for covered work performed by Defendant SOLAR FOUNDATIONS's employees during the Relevant Period at the time such contributions became due and payable to the Training Fund by Defendant SOLAR FOUNDATIONS, pursuant to Section 3(21) of ERISA [29 U.S.C. §§ 1002(21)(A)].

73.    Further, Defendant FIEDLER is a fiduciary with respect to any contributions required to be made by Defendant SOLAR FOUNDATIONS during the pendency of this action at the time such contributions become due and owing to the Funds.

74.    Defendant FIEDLER breached his fiduciary duty with respect to the Training Fund by failing to effect payment from Defendant SOLAR FOUNDATIONS to the Funds for covered work performed by its employees during the Relevant Period in violation of ERISA Section 409(a) [29 U.S.C. §1109].

75.    Defendant SOLAR FOUNDATIONS's failure to make payments due or timely effect payment of employee fringe benefit contributions to the Training Fund constitutes violations of the CBA, the Trust Agreement for the Training Fund, 29 U.S.C. § 301 and of Section 515 of ERISA (29 U.S.C. § 1145).

76.    Accordingly, pursuant to the CBA and Section 502 of ERISA (29 U.S.C. § 1132), Defendant SOLAR FOUNDATIONS is liable to Plaintiffs for:

a.    delinquent employee fringe benefit contributions to the Training Fund in the

amount of $1,053.00 for covered work performed by Defendant SOLAR FOUNDATIONS employees during the Relevant Period (*see* **Exhibit I**); and

b. interest on the unpaid and/or untimely paid contributions in the amount of $137.91 calculated at the rate of one percent (1%) per month, compounded monthly, and calculated from the date the contributions were due, which shall continue to accrue during the pendency of this action (*id.*); and

c. liquidated damages in the amount of $210.60, which is equal to twenty percent (20%) of the total delinquent contributions to the Training Fund (*id.*).

**AS AND FOR PLAINTIFFS' FOURTH CLAIM FOR RELIEF**

**(PLAINTIFFS' CLAIM AGAINST DEFENDANT SOLAR FOUNDATIONS AND DEFENDANT FIEDLER FOR DELINQUENT EMPLOYEE FRINGE BENEFIT CONTRIBUTIONS TO THE ANNUITY FUND)**

77. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 75 of this Complaint, as if fully set forth herein.

78. Pursuant to the CBA and the Trust Agreements, Defendant SOLAR FOUNDATIONS was required to make full and timely payments to the Annuity Fund for all covered work performed by its employees at the rates and times set forth in the CBA.

79. Upon information and belief, Defendant FIEDLER was and is, at all times relevant hereto, the principal officer and managing agent of Defendant SOLAR FOUNDATIONS and was and is responsible for the submission of remittance reports setting forth the total of all contributions owing to the Funds, and for remitting such amounts to the Funds on or before the dates set forth in the CBA.

80. As the principal officer and managing agent of Defendant SOLAR

7291238v1 - 063782.0014

18

FOUNDATIONS, Defendant FIEDLER, at all times relevant hereto, had the authority to and did make decisions as to how the assets of Defendant SOLAR FOUNDATIONS would be distributed, including, *inter-alia,* which creditors of Defendant SOLAR FOUNDATIONS would or would not be paid by Defendant SOLAR FOUNDATIONS.

81. Union members were employed by Defendant SOLAR FOUNDATIONS during the Relevant Period and performed work for Defendant SOLAR FOUNDATIONS covered by the CBA.

82. Defendant FIEDLER decided that Defendant SOLAR FOUNDATIONS would not pay, and indeed failed to pay, certain contributions to the Annuity Fund, as required by the CBA, for work performed by Defendant SOLAR FOUNDATIONS's employees during the Relevant Period.

83. Employee fringe benefit contributions became assets of the Annuity Fund when they became due and payable to the Annuity Fund by Defendant SOLAR FOUNDATIONS.

84. Defendant FIEDLER was a fiduciary with respect to the delinquent contributions owing from Defendant SOLAR FOUNDATIONS to the Annuity Fund for covered work performed by Defendant SOLAR FOUNDATIONS's employees during the Relevant Period at the time such contributions became due and payable to the Annuity Fund by Defendant SOLAR FOUNDATIONS, pursuant to Section 3(21) of ERISA [29 U.S.C. §§ 1002(21)(A)].

85. Further, Defendant FIEDLER is a fiduciary with respect to any contributions required to be made by Defendant SOLAR FOUNDATIONS during the pendency of this action at the time such contributions become due and owing to the Funds.

86. Defendant FIEDLER breached his fiduciary duty with respect to the Annuity Fund by failing to effect payment from Defendant SOLAR FOUNDATIONS to the Funds for

covered work performed by its employees during the Relevant Period in violation of ERISA Section 409(a) [29 U.S.C. §1109].

87.     Defendant SOLAR FOUNDATIONS's failure to make payments due or timely effect payment of employee fringe benefit contributions to the Annuity Fund constitutes violations of the CBA, the Trust Agreement for the Annuity Fund, 29 U.S.C. § 301 and of Section 515 of ERISA (29 U.S.C. § 1145).

88.     Accordingly, pursuant to the CBA and Section 502 of ERISA (29 U.S.C. § 1132), Defendants SOLAR FOUNDATIONS is liable to Plaintiffs for:

    a.  delinquent employee fringe benefit contributions to the Annuity Fund in the amount of $18,720.00 for covered work performed by Defendant SOLAR FOUNDATIONS employees during the Relevant Period (*see* **Exhibit I**); and

    b.  interest on the unpaid and/or untimely paid contributions in the amount of $2,451.74 calculated at the rate of one percent (1.0%) per month, compounded monthly, and calculated from the date the contributions were due, which shall continue to accrue during the pendency of this action (*id.*); and

    c.  liquidated damages in the amount of $3,744.00, which is equal to twenty percent (20%) of the total delinquent contributions to the Annuity Fund (*id.*).

### AS AND FOR PLAINTIFFS' FIFTH CLAIM FOR RELIEF

**(PLAINTIFFS' CLAIM AGAINST DEFENDANT SOLAR FOUNDATIONS FOR UNREMITTED NY HEALTH & SAFETY AND LECET CONTRIBUTIONS)**

89.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 87 of this Complaint, as if fully set forth herein.

90.     Pursuant to the CBA, Defendant SOLAR FOUNDATIONS was required to

timely submit to the Union contributions to NY Health & Safety and LECET for all covered work performed by its employees at the rates and times set forth in the CBA.

91.    Union members were employed by Defendant SOLAR FOUNDATIONS during the Relevant Period and performed work for Defendant SOLAR FOUNDATIONS covered by the CBA.

92.    Pursuant to the CBA, Defendant SOLAR FOUNDATIONS must submit contributions to NY Health & Safety and LECET directly to Plaintiff Union for all hours worked by its employees covered by the CBA.

93.    Defendant SOLAR FOUNDATIONS owes contributions to NY Health & Safety and LECET for its employees who performed work covered by the CBA during the Relevant Period.

94.    Defendant SOLAR FOUNDATIONS has failed to submit contributions to NY Health & Safety and LECET to Plaintiff Union for covered work performed by its employees during the Relevant Period.

95.    Defendant SOLAR FOUNDATIONS's failure to submit contributions to NY Health & Safety and LECET to Plaintiff Union constitutes a violation of the CBA and Section 301 of the LMRA [29 U.S.C. § 185].

96.    Accordingly, pursuant to the CBA, Defendant SOLAR FOUNDATIONS is liable to Plaintiffs for:

   a.   contributions to NY Health & Safety in the amount of $234.00 for covered work performed by its employees during the Relevant Period (*see* **Exhibit I**); and

   b.   contributions to LECET in the amount of $351.00 for covered work performed by its employees during the Relevant Period (*see* **Exhibit I**).

**AS AND FOR PLAINTIFFS' SIXTH CLAIM FOR RELIEF**

**(PLAINTIFFS' CLAIM AGAINST DEFENDANT SOLAR FOUNDATIONS FOR UNREMITTED UNION MEMBERSHIP DUES AND ASSESSMENTS)**

97.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 95 of this Complaint, as if fully set forth herein.

98.    Pursuant to the CBA and the Trust Agreements, Defendant SOLAR FOUNDATIONS was required to timely remit all Union Dues and Assessments to the Funds for all covered work performed by its employees at the rates and times set forth in the CBA.

99.    Union members were employed by Defendant SOLAR FOUNDATIONS during the Relevant Period and performed work for Defendant SOLAR FOUNDATIONS covered by the CBA.

100.    Pursuant to the CBA, Defendant SOLAR FOUNDATIONS must pay monies withheld from employees' wages in the form of membership dues and assessments directly to Plaintiff Union for all hours worked by its employees covered by the CBA.

101.    Defendant SOLAR FOUNDATIONS withheld Union membership dues and assessments from its employees that performed work covered by the CBA during the Relevant Period.

102.    Defendant SOLAR FOUNDATIONS has failed to remit certain membership dues and assessments withheld by Defendant SOLAR FOUNDATIONS from employees' wages to Plaintiff Union for covered work performed by its employees during the Relevant Period.

103.    Defendant SOLAR FOUNDATIONS's failure to timely remit membership dues and assessments to Plaintiff Union constitutes a violation of the CBA and Collections Policies, and Section 301 of the LMRA [29 U.S.C. § 185].

104.    Accordingly, pursuant to the CBA, Defendant SOLAR FOUNDATIONS is liable

to Plaintiffs for:

**c.** unpaid membership dues and assessments in the amount of $4,871.09 for covered work performed by its employees during the Relevant Period (*see* **Exhibit H**).

### AS AND FOR PLAINTIFFS' SEVENTH CLAIM FOR RELIEF

### (PLAINTIFFS' CLAIM AGAINST DEFENDANT BUTLER FOR UNREMITTED DEATH BENEFIT CONTRIBUTIONS)

105. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 103 of this Complaint, as if fully set forth herein.

106. Pursuant to the CBA and the Trust Agreements, Defendant SOLAR FOUNDATIONS was required to make full and timely payments for Death Benefits for all covered work performed by its employees at the rates and times set forth in the CBA.

107. Union members were employed by Defendant SOLAR FOUNDATIONS during the Relevant Period and performed work for Defendant SOLAR FOUNDATIONS covered by the CBA.

108. Pursuant to the CBA, Defendant SOLAR FOUNDATIONS must remit Death Benefit contributions to the Funds for all hours worked by its employees covered by the CBA.

109. Defendant SOLAR FOUNDATIONS failed to remit Death Benefit contributions to the Funds for covered work performed during the Relevant Period.

110. Defendant SOLAR FOUNDATIONS's failure to remit Death Benefit contributions to the Funds constitutes a violation of the CBA and Collections Policies, and Section 301 of the LMRA [29 U.S.C. § 185].

111. Accordingly, pursuant to the CBA, Defendant SOLAR FOUNDATIONS is liable to Plaintiffs for:

    **a.** Unremitted Death Benefit contributions, in the amount of $585.00 for covered work performed by its employees during the Relevant Period (*see* **Exhibit I**).

## AS AND FOR PLAINTIFFS' EIGHTH CLAIM FOR RELIEF

### (PLAINTIFFS' CLAIM AGAINST DEFENDANT SOLAR FOUNDATIONS FOR ATTORNEYS' FEES)

112.    Pursuant to Section 502(g) of ERISA [29 U.S.C. § 1132(g)], Plaintiffs are entitled to an award of reasonable attorneys' fees and costs incurred in attempting to collect delinquent employee benefit fund contributions, and such other legal or equitable relief as the court deems appropriate.

113.    Pursuant to the Collections Policy, Plaintiffs are entitled to all attorneys' fees, paralegal fees, accountants' fees, audit fees and other costs of collection of all required fund contributions, dues and assessments.

114.    Accordingly, Plaintiffs are entitled to a judgment requiring Defendant SOLAR FOUNDATIONS to reimburse Plaintiffs for all attorneys' fees and paralegals' fees, court costs, disbursements and expenses incurred by the Funds in attempting to collect and in collecting monies owed to the Funds.

**WHEREFORE,** Plaintiffs demand judgment:

    (a) On Plaintiffs' First Claim for relief, against Defendant SOLAR FOUNDATIONS for payment of delinquent employee fringe benefit contributions to the H&W Fund for the Relevant Period in the amount of $22,581.00, together with interest on the unpaid H&W Fund contributions in the amount of $2,957.41, calculated at the rate of 1% per month, which interest shall continue to accrue during the pendency of this action, and liquidated damages to the H&W Fund in the amount of $4,516.20,

7291238v1 - 063782.0014

24

calculated as 20% of the total delinquent contributions; and

(b) On Plaintiffs' Second Claim For Relief, against Defendant SOLAR FOUNDATIONS for payment of delinquent employee fringe benefit contributions to the Pension Fund for the Relevant Period in the amount of $16,782.75, together with interest on the delinquent contributions in the amount of $2,196.58, calculated at the rate of 1% per month, which interest shall continue to accrue during the pendency of this action, and liquidated damages to the Pension Fund in the amount of $3,356.55, calculated as 20% of the total delinquent contributions; and

(c) On Plaintiffs' Third Claim for Relief against Defendant SOLAR FOUNDATIONS for payment of delinquent contributions to the Training Fund for the Relevant Period in the amount of $1.053.00, together with interest on the delinquent contributions in the amount of $137.91, calculated at the rate of 1% per month, which interest shall continue to accrue during the pendency of this action, and liquidated damages to the Training Fund in the amount of $210.60, calculated as 20% of the total delinquent contributions; and

(d) On Plaintiffs' Fourth Claim for Relief against Defendant SOLAR FOUNDATIONS for payment of delinquent contributions to the Annuity Fund for the Relevant Period in the amount of $18,720.00, together with interest on the delinquent contributions in the amount of $2,451.74, calculated at the rate of 1% per month, which interest shall continue to accrue during the pendency of this action, and liquidated damages to the Annuity Fund in the amount of $3,744.00, calculated as 20% of the total delinquent contributions; and

7291238v1 - 063782.0014

25

(e) On Plaintiffs' Fifth Claim for Relief against Defendant SOLAR FOUNDATIONS for payment of delinquent contributions to NY Safety & Health for the Relevant Period in the amount of $234.00, and payment of delinquent contributions to LECET for the Relevant Period in the amount of $351.00; and,

(f) On Plaintiffs' Sixth Claim for Relief against Defendant SOLAR FOUNDATIONS for payment of delinquent union dues and assessments for the Relevant Period in the amount of $4,871.09; and

(g) On Plaintiffs' Sixth Claim for Relief against Defendant SOLAR FOUNDATIONS for payment of delinquent Death Benefit contributions for the Relevant Period in the amount of $585.00; and

(h) On Plaintiffs' Seventh Claim for Relief, judgment awarding to Plaintiffs all attorneys' fees, paralegals' fees, court costs, disbursements and expenses incurred by Plaintiffs in attempting to collect and in collecting monies owed to the Funds; and;

(i) Granting such other and further relief as this Court deems just and proper.

Dated: September 30, 2025
Buffalo, New York

LIPSITZ GREEN SCIME CAMBRIA, LLP

/s/ Candace L. Morrison
Candace L. Morrison, Esq.
*Attorneys for Plaintiffs*
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
(716) 849-1333 ext. 456
cmorrison@lglaw.com

7291238v1 - 063782.0014

26