# EXHIBIT E

# RESTATED AGREEMENT AND DECLARATION OF TRUST

## OF THE

## LABORERS LOCAL 589 PENSION FUND

Restated Effective January 1, 1996

# ARTICLE FOUR - CONTRIBUTIONS AND COLLECTIONS

Section 4.1 Employer Contributions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
Section 4.2 Receipt of Payment and Other Property of
            Trust . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
Section 4.3 Collection and Enforcement of Payments . . . . . . . . . . . . . . . . . . . . . 12
Section 4.4 Production of Records . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
Section 4.5 Delinquent Contributions; Expenses of
            Collection . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
Section 4.6 Non-Payment by an Employer; Others Still
            Obligated . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# ARTICLE FIVE - POWERS AND DUTIES OF TRUSTEES

Section 5.1  Conduct of Trust Business . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
Section 5.2  Use of Fund for Expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
Section 5.3  Use of Fund to Provide Benefits . . . . . . . . . . . . . . . . . . . . . . . . . 15
Section 5.4  Investments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
Section 5.5  Deposits and Disbursements . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
Section 5.6  Allocation and Delegation of Fiduciary
             Responsibilities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
Section 5.7  Fund Manager . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
Section 5.8  By-Laws, Rules and Regulations . . . . . . . . . . . . . . . . . . . . . . . . . 18
Section 5.9  Additional Authority . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
Section 5.10 Bonds . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
Section 5.11 Insurance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
Section 5.12 Information to Participants and
             Beneficiaries . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
Section 1.13 Accountants and Actuaries . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
Section 5.14 Trustees to Act Without Compensation . . . . . . . . . . . . . . . . . . . . . 20
Section 5.15 Reports . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
Section 5.16 Records of Trustee Transactions . . . . . . . . . . . . . . . . . . . . . . . . 21
Section 5.17 Construction and Determinations by Trustees . . . . . . . . . . . . . . . . . 21
Section 5.18 Liability . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
Section 5.19 Reliance on Written Instruments . . . . . . . . . . . . . . . . . . . . . . . . 22
Section 5.20 Reliance by Others . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22
Section 5.21 Discharge of Liability . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22
Section 5.22 Establishment of Plan and Restated Plan . . . . . . . . . . . . . . . . . . . 22
Section 5.23 Amendment of Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23
Section 5.24 Establishment of Claims Appeal Procedure . . . . . . . . . . . . . . . . . . 24
Section 5.25 Attendance at Educational Seminars or
             Conferences . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

# RESTATED AGREEMENT AND DECLARATION OF TRUST

## OF THE

## LABORERS LOCAL 589 PENSION FUND

WHEREAS, there has heretofore been entered into an Agreement and Declaration of Trust by and between the Consstruction Trades Employers of South Central New York, Inc., and LOCAL 589 OF THE LABORERS INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO (hereafter referred to as the "Union"), effective January 6, 1965; which agreement created the Pension Fund as therein provided; and

WHEREAS, the Board of Trustees of the above-referenced Fund has determined that it is desirable to amend and restate the agreement to include in one document all the amendments heretofore adopted by the Trustees;

NOW, THEREFORE, in consideration of the premises and mutual covenants and agreements herein contained, the AGREEMENT AND DECLARATION OF TRUST of the LABORERS LOCAL 589 PENSION FUND is hereby restated as follows:

## ARTICLE ONE

## DEFINITIONS

Section 1.1 Employer. The term "Employer" as used herein shall mean:

(a) An Employer who is a member of, or is represented in collective bargaining by, an Association and who is bound by a collective bargaining agreement with the Union providing for the making of payments to the Trust Fund with respect to employees represented by the Union and employees of any affiliated Fund.

(a)  Any employee represented by the Union and working for an Employer as defined herein, and with respect to whose employment an Employer is required to make contributions into the Trust Fund.

(b)  An officer or employee of the Union who shall have been proposed for benefits under the Trust Fund by the Union and who shall have been accepted by the Trustees and for whom the Union agrees in writing to contribute to the Trust Fund at the rate fixed for contributions for other Employers.

(c)  An employee of an Employer, as defined in subsection (d) of section 1.1 on whose behalf such Employer is required to make contributions to the Trust Fund as provided in subsection (d) of section 1.1 and at a rate fixed for contributions for other Employers.

(d)  Employees, if any, of this Trust Fund who are not employed by an Employer as defined in section 1.1 (a), (b), (c) or (d), but as shall be proposed and accepted for such benefits by the Trustees.  As to such personnel as are employees of the Trust Fund, and any affiliated Pension or Welfare Trust, or Training Fund of the Union, the Trustees shall be deemed to be an Employer within the meaning of this Restated Trust Agreement and shall provide benefits for said employees out of the Trust Fund, on the same basis as for other employees.

(e)  Any employee employed on a full time basis by an Employer as defined herein, upon whom contributions are made by said Employers, even though such employee is not covered by a collective bargaining agreement, provided the receipt of such contributions is authorized and approved by the Trustees.  Contributions on behalf of non-bargaining unit employees must be on a non-discriminatory basis.

Section 1.10 <u>Code</u>. The term "Code" as used herein shall mean the Internal Revenue Code of 1986, as hereafter amended from time to time.

Section 1.11 <u>Restated Plan</u>. The term "Restated Plan" as used herein shall mean the plan, program, method, rules and procedure for the payment of benefits from the Trust Fund established by the Trustees pursuant to this Restated Agreement and Declaration of Trust as from time to time amended.

Section 1.12 <u>Association</u>. The term "Association" shall mean the CONSTRUCTION TRADES EMPLOYERS OF SOUTH CENTRAL NEW YORK, INC., and such other Associations as may hereafter become parties to Collective Bargaining Agreements with the Union.

Section 1.13 <u>Gender and Number</u>. Wherever any words are used herein in the masculine, feminine or neuter gender, they shall be construed as though they were also used in another gender in all cases where they would so apply, and whenever any words are used herein in the singular or plural form, they shall be construed as though they were also used in the other form in all cases where they would so apply.

## ARTICLE TWO

## CREATION AND PURPOSES OF FUND

The Trust Fund is created, established and maintained, and the Trustees agree to receive, hold and administer the Trust Fund, for the purpose of providing such benefits as now are, or hereafter may be, authorized or permitted by law for Participants, their dependents, and Beneficiaries and in accordance with the provisions herein set forth and the Restated Plan. It is intended that this Trust Fund and the Restated Plan be a "multi-employer plan" as that term is

vote of the Employer or Union Trustees, as the case may be, for cause, at a duly held meeting for this purpose.

Section 3.4 <u>Vacancies</u>. If for any reason a Trustee cannot serve, or resigns, or is removed before the expiration of the term for which he is appointed, a successor shall be designated in accordance with Section 3.1, above, and by the same group, either Employer or Union, as the Trustee to whose office he is succeeding. The resignation, removal or death of any Trustee shall not impair the right of the remaining Trustees to vote providing a quorum shall be present.

Section 3.5 <u>Form of Notification</u>. In case any Trustee shall be removed, replaced, or succeeded, a notice in writing by the Secretary of the Fund shall be sufficient evidence of the action taken by the Board of Trustees.

Section 3.6 <u>Successor Trustee, Assumption of Office</u>. Any successor Trustee shall immediately upon his appointment as a successor Trustee and his acceptance of the Trusteeship in writing become vested with all the property rights, powers and duties of a Trustee hereunder with like effect as if originally named a Trustee without the necessity of any formal conveyance or other instrument of title.

Section 3.7 <u>Limitation of Liability of Trustees.</u>

(a) No successor Trustees shall in any way be liable or responsible for anything done or committed in the administration of the Trust prior to the date they became a Trustee. The Trustees shall not be liable for the acts or omissions of any investment manager, attorney, auditor, accountant, consultant, agent or assistant employed by them in pursuance of this Restated Agreement, if such investment manager, attorney, auditor, accountant, consultant, agent or

7

Section 3.11 <u>Meetings; Notices.</u> The Trustees shall meet at least once each three (3) months and at such other times as they deem it necessary to transact their business. The Chairman or the Secretary of the Board of Trustees may, and upon the written request of any two (2) Trustees shall, call a meeting of the Trustees at any time by giving at least five (5) days' written notice of the time and place thereof to the remaining Trustees. A meeting of the Trustees may be held at any time without notice if all the Trustees consent thereto in writing.

Section 3.12 <u>Attendance at Meetings; Minutes.</u> All official meetings of the Trustees shall be attended only by the Trustees and shall not be open to the public, except that there may attend such other persons as may be designated by the Trustees or when invited to do so, and as may be otherwise required by law. Written minutes, a copy of which shall be furnished with reasonable promptness to each Trustee, shall be kept of all business transacted and of all matters upon which voting shall have occurred and the vote of each Trustee shall be recorded.

Section 3.13 <u>Quorum; Voting; Action without Meeting.</u>

(a) One (1) Employer Trustee and One (1) Union Trustee present in person at any meeting of the Board of Trustees shall constitute a quorum for the transaction of business. If at any meeting the number of Employer and Union Trustees present shall be unequal, then the group of Trustees lesser in number shall be entitled to cast the same number of votes as the other group of Trustees. If no proxy has been given by the absent Trustee and such Trustees shall be unable to agree as to the manner in which the vote of the absent Trustee shall be cast, then action on the matter under consideration shall be postponed until all Trustees of the group shall be present. If a written proxy has been granted in accordance with subsection (d), below, the Trustee who holds the proxy may vote it as he sees fit, subject to any limitations or restrictions which may be specified in the proxy.

the parties. The reasonable compensation of such umpire and the costs and expenses (including, without limitation, attorneys' and reporter fees) incidental to any proceedings instituted to break a deadlock shall be paid by the Trust Fund.

(c) Any impartial umpire selected or designated to break a deadlock shall be required to enter his decision within a reasonable time fixed by the Trustees. The scope of any such proceeding before such impartial umpire shall be limited to the provisions of this Restated Trust Agreement and to the provisions of the rules, regulations and by-laws adopted by the Trustees and to the plan of benefits established by them. The impartial umpire shall have no jurisdiction or authority to change or modify the provisions of this Restated Trust Agreement or to decide any issue arising under or involving the interpretation of any collective bargaining agreements between the Union, the Association and other Employers, and such impartial umpire shall have no power or authority to change or modify any provisions of any such collective bargaining agreements.

Section 3.15 Removal of Trustee (Violation of Act). The Board of Trustees shall initiate action to cause the removal of any Trustee who may be serving as a Trustee in violation of the Act. The vacancy or vacancies caused by such a removal shall be filled in accordance with section 3.4.

## ARTICLE FOUR

## CONTRIBUTIONS AND COLLECTIONS

Section 4.1 Employer Contributions.

(a) Each Employer shall make prompt contributions to the Trust Fund in such amount and under the terms as are provided for in the applicable collective bargaining agreement in effect from time to time between the Employer or his bargaining representative and the Union.

11

Section 4.3 <u>Collection and Enforcement of Payments</u>.  The Trustees, or such committee of the Trustees as the Board of Trustees shall appoint, or the Plan Administrator if one has been appointed and when directed by such committee or by the Board of Trustees, shall have the power to demand, collect and receive Employer payments and all other money and property to which the Trustees may be entitled, and shall hold the same until applied to the purposes provided in this Restated Trust Agreement. They shall take such steps, including the institution and prosecution of, or the intervention in, such legal or administrative proceedings as the Trustees in their sole discretion determine to be in the best interest of the Trust Fund for the purpose of collecting such payments, money and property, without prejudice, however, to the rights of the Union to take whatever steps it deems necessary and wishes to undertake for such purposes.

Section 4.4 <u>Production of Records</u>.  Each Employer shall promptly furnish to the Trustees, on demand, the names of his Employees, their Social Security numbers, the hours worked by each Employee and such other information as the Trustees may reasonably require in connection with the administration of the Trust Fund and for no other purpose.  The Trustees may, by their respective representatives, examine the pertinent employment and payroll records of each Employer at the Employer's place of business whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust Fund.  The Trustees may require, in the cases of the Employers with offices outside the geographical juris-diction of the Union, that the Employer produce the above-referred to records for examination at the Office of the Fund.  The Union shall, upon the request of the Trustees, promptly furnish information in respect to an Employee's employment status.

Section 4.5 <u>Delinquent Contributions; Expenses of Collection</u>.  The Trustees may require the payment by Employers of liquidated damages (as provided in the applicable collective

13

expenses (I) of collecting the Employer contributions and payments and other moneys and property to which they may be entitled and (ii) of administering the affairs of this Trust, including the employment of such administrative, legal, expert and clerical assistance, the purchase or lease of such premises, materials, supplies and equipment and the performance of such other acts, as the Trustees, in their sole discretion, find necessary or appropriate in the performance of their duties.

Section 5.3 Use of Fund to Provide Benefits. The Trustees shall also have the power and authority to use and apply the Trust Fund to pay or provide for the payment of such retirement and related benefits to eligible Participants, their dependents, or Beneficiaries, in accordance with the terms, provisions, and conditions of the Restated Plan formulated and agreed upon hereunder by the Trustees, and pursuant to the provisions of the Act.

Section 5.4 Investments.

(a) The Trustees shall have the power and authority, in their sole discretion, to invest and reinvest such funds as are not necessary for current expenditures or liquid reserves, as they may from time to time determine, in such investments as are legal investments under applicable State and Federal Law relating to the investment of assets of multi-employer trust funds. The Trustees may sell, exchange or otherwise dispose of such investments at any time, and from time to time, as provided in section 5.9(f). The Trustees shall also have power and authority (in addition to, and not in limitation of, common law and statutory authority) to invest in any stocks, bonds or other property, real or personal, including improved or unimproved real estate and equity interests in real estate, where such an investment appears to the Trustees, in their discretion and consistent with their fiduciary obligations, to be in the best interest of the Trust Fund and its Participants and Beneficiaries, judged by then prevailing business conditions and standards. The Trustees shall have the authority, in respect to any stocks, bonds or other property, real or

15

and they may delegate such responsibilities and duties to other individuals as they may deem appropriate or necessary in their sole discretion and consistent with the Act.

Section 5.7 <u>Fund Manager</u>.  The Trustees may employ or contract for the services of an individual, firm or corporation, to be known as "Fund Manager", who shall, under the direction of the Trustees or under the direction of any appropriate committee of the Trustees, administer the office or offices of the Trust Fund and of the Trustees, coordinate and administer the accounting, bookkeeping and clerical services, provide for the coordination of various services furnished by any consultants to the Fund, prepare (in cooperation where appropriate with any consultant and independent auditor) all reports and other documents to be prepared, filed or disseminated by or on behalf of the Trust in accordance with law, assist in the collection of contributions required to be paid to the Trust Fund by Employers and perform such other duties and furnish such other services as may be assigned, delegated or directed or as may be contracted by or on behalf of the Trustees.  The Fund Manager shall be the custodian on behalf of the Trustees of all documents and other records of the Trustees and of the Trust Fund.

Section 5.8 <u>By-Laws, Rules and Regulations</u>.

(a)  The Trustees are hereby empowered and authorized to adopt by-laws and to promulgate any and all necessary rules and regulations which they deem necessary or desirable to facilitate the proper administration of the Trust Fund, provided the same are consistent with the terms of this Restated Trust Agreement. All by-laws, rules and regulations adopted by action of the Trustees shall be binding upon all parties hereto, all parties dealing with the Trust Fund and all persons claiming any benefits hereunder.

(b)  No by-law, regulation, rule, action or determination made or adopted by the Trustees, nor any decision or determination made by any impartial umpire appointed pursuant to

17

proper, and to execute and deliver any and all instruments of conveyance, lease, mortgage and transfer in connection therewith;

(g) establish and carry out a funding policy and method consistent with the objectives of the Plan and the Act;

(h) borrow or raise money for the purposes of the Trust Fund in such amount, and upon such terms and conditions, as the Trustees shall deem advisable; and for any sum so borrowed, to issue a promissory note as Trustees, and to secure the repayment thereof by pledging all, or any part, of the Trust Fund; and no person lending money to the Trustees shall be bound to see to the application of the money lent or to inquire into the validity, expediency, or propriety of any borrowing;

(I) commence or defend suits or legal or administrative proceedings and to represent the Trust Fund in all suits and legal and administrative proceedings; and

(j) apply for and procure from responsible insurance companies, to be selected by the Trustees, as an investment of the Trust Funds, such annuity or other contracts (on the life of any Participant) as the Trustees shall deem proper; to exercise, at any time or from time to time, whatever rights and privileges may be granted under such annuity or other contracts; to collect, receive, and settle for the proceeds of all such annuity or other contracts as and when entitled to do so under the provisions thereof.

Section 5.10 Bonds. The Trustees shall obtain from an authorized surety company such bonds as may be required by law, covering such person and in such amounts (but not less than required by law) as the Trustees, in their discretion, may determine. The cost of premiums for such bonds shall be paid out of the Trust Fund.

Section 5.15 <u>Reports</u>.  All reports required by law to be signed by one or more Trustees shall be signed by all of the Trustees, provided that all of the Trustees may appoint in writing, or by resolution adopted and spread on the minutes, one or more of their members to sign such report on behalf of the Trustees.

Section 5.16 <u>Records of Trustee Transactions.</u>  The Trustees shall keep true and accurate books of account and a record of all of their transactions and meetings (including actions taken at such meetings and by informal action of the Trustees), which records and books shall be audited at least annually by an independent qualified public accountant.  A copy of each audit report shall be furnished both to the Association and to the Union and shall be available for inspection by interested persons at the principal office of the Trustees.

Section 5.17 <u>Construction and Determinations by Trustees</u>. Subject to the stated purposes of the Fund and the provisions of this Restated Agreement, the Trustees shall have full and exclusive authority to determine all questions of coverage and eligibility, methods of providing or arranging for benefits and all other related matters.  They shall have full power to construe the provisions of this Restated Agreement, the terms used herein and the by-laws and regulations issued thereunder.  Any such determination and any such construction adopted by the Trustees in good faith shall be binding upon all of the parties hereto and any Participants and Beneficiaries hereof.  No matter respecting the foregoing or any difference arising thereunder or any matter involved in or arising under this Restated Trust Agreement shall be subject to the grievance or arbitration procedure established in any collective bargaining agreement between the Employer and the Union, provided, however, that this clause shall not affect the rights and liabilities of any of the parties under any of such collective bargaining agreements.

the standard of proof required in any case, and of the application and interpretation of the Plan. Decisions of the Trustees shall be final and binding on all parties, and shall not be reversed or overturned unless determined to be arbitrary and capricious.   The Plan shall at all times comply with all applicable Federal statutes and regulations and to the provisions of this Restated Trust Agreement. The Trustees shall not be under any obligation to pay any benefits if the payment of such benefits will result in loss of the Trust Fund's tax exempt status under the then applicable Internal Revenue Code and any regulations or rulings issued pursuant thereto.  The Trustees have drafted, and shall as they deem necessary draft, procedures, regulations, and conditions for the operation of the Plan, including, by way of illustration and not limitation:  conditions of eligibility for Participants and their Beneficiaries, procedures for claiming benefits, schedules of type and amount of benefits to be paid, and procedures for the distribution of benefits.  The Trustees may also provide for the payment of partial or full benefits, and may enter into agreements with other Trustees of similar plans which conform to the applicable sections of the then applicable Internal Revenue Code for purposes of tax deductions for the reciprocal recognition of hour of service credits, and payment of partial or full benefits based upon such credits.

Section 5.23 Amendment of Plan.  The Plan may be amended by the Trustees from time to time, provided that such amendments comply with the applicable sections of the then applicable Internal Revenue Code, all applicable federal statutes and regulations, the contract articles creating the Trust Fund, and the purposes as set forth in this Restated Trust Agreement.  Additionally and not by way of limitation, the Trustees may amend the Plan, in futuro, or retroactively, where they deem it necessary to maintain the continuation of the Trust Fund's tax exempt status or to preserve compliance with the then applicable Internal Revenue Code, applicable federal statutes, and any regulations or rulings issued with respect thereto.

23

meaning of the by-laws, rules and regulations adopted by the Trustees or this instrument, or as to any writing, decision, instrument or accounts in connection with the operation of the Trust Fund or otherwise, shall be submitted to the Trustees or, in the case of questions related to claims for benefits, to an Appeals or Review Committee, if one has been appointed, and the decision of the Trustees or Appeals or Review Committee shall be binding upon all persons dealing with the Trust Fund or claiming benefits thereunder.

Section 6.3 <u>Settling Disputes</u>. The Trustees may in their sole discretion compromise or settle any claim or controversy in such manner as they think best, and any majority decision made by the Trustees in compromise or settlement of a claim or controversy, or any compromise or settlement agreement entered into by the Trustees, shall be conclusive and binding on all parties interested in the Trust.

## ARTICLE SEVEN

## BENEFICIAL RIGHTS

Section 7.1 <u>No Right, Title or Interest.</u> No Employer, nor any employee of any such Employer, nor the Union, nor any member of the Union, nor any persons claiming by, through or under any of them, shall have any right, title or interest in or to the Trust estate or any part thereof, except the right of the Participant, their dependents, or Beneficiary who is covered by Plan benefits in the amount and subject to the terms and conditions specified in the Plan, or as may be specified and determined by the Trustees. No person shall have the option to receive instead of the Plan benefits any part of the Employer contributions. It shall be impossible, at any time prior to the satisfaction of all liabilities with respect to Participants and their Beneficiaries under this Trust, for any part of the corpus or income to be used for, or diverted to, purposes other than the

25

address at least 14 days prior to such meeting. The notice shall specify the date, time, place, and subject of the meeting.

(b) Trustees Vote. The Trustees are authorized to vote on the questions of merger, combination, or consolidation only after the participants' advisory vote described in paragraph (a), above. The Trustees may consider the outcome of the participants' vote, but they are not bound by it. The Trustees are authorized to approve merger, combination, or consolidation only upon unanimous vote of all the Trustees at a meeting called in accordance with Article Three, Section 3.11 of this Trust. In the event a Trustee is not present at such meeting, he shall vote by written absentee ballot. No merger, combination or consolidation shall take place unless all Trustees have voted for it, whether at such meeting, or by written absentee ballot. In any such vote, an abstention shall count as a negative vote.

## ARTICLE NINE

## AMENDMENTS

Section 9.1 Trust Agreement. This Agreement may be amended by a written instrument executed by the Trustees, provided that any amendment to effect a merger, combination, or consolidation of this Fund with other funds shall be void unless adopted in accordance with Article Eight, Section 8.2. No amendment shall divert or provide for the use of the Trust Fund then in the hands of the Trustees, other than for the purposes of this Trust, to those persons covered hereby, or to their beneficiaries.

Section 9.2 Compliance with ERISA. Anything in section 9.1 above to the contrary notwithstanding, the Trustees shall have the authority to amend this Restated Agreement and Declaration of Trust in order to conform with the requirements of ERISA.

27

Section 12.2 Enforceability of Trust Provisions. In the event that any of the provisions herein contained shall be invalid or unenforceable, such declaration or adjudication shall not in any manner affect or impair the validity or the enforceability of the other and remaining provisions of this Trust and such other and remaining provisions shall remain in full force and effect as though such invalid or unenforceable provisions or clauses had not been herein included or made a part hereof.

Section 12.3 Designee for Service of Process. The Fund Manager is designated as the agent of the Trust upon whom process against the Trust may be served. The address where any process against the Trust may be served is 622 West State Street, Ithaca, New York.

IN WITNESS WHEREOF, the Trustees have executed this Restated Agreement and Declaration of Trust, and have evidenced their ratification and consent to be bound by the Trust created herein, effective the first day of January, 1996.

DATED: 7/16/97

EMPLOYER TRUSTEES:                    UNION TRUSTEES:

29

_George D. Weevil_                    _James J. Boyle_

_Richard M. Case, Jr._                _John M. Glezen_

lab589p\agr\rstrst96.trs

30

**RESTATED AGREEMENT AND DECLARATION OF TRUST
OF THE LABORERS LOCAL 589 PENSION FUND
AMENDMENT**

Pursuant to Section 9.1 of the Restated Agreement and Declaration of Trust, the following amendments are hereby adopted:

1. The following new subsection is added to Section 3.13:

(e) Any one or more members of the Board of Trustees may participate in a meeting of the Board of Trustees by conference telephone, video conference, or similar communications equipment allowing all participants in the meeting to hear each other at the same time. Participation by such means shall constitute presence at a meeting.

2. The following new language is added to Article Four, Contributions and Collections:

Effect of Employer's Failure to Maintain Records. In the event the Employer does not maintain or otherwise does not have in its possession records of the number of hours worked by each covered Employee, the Employer agrees that in order to determine the number of hours for which contributions are required to be submitted to the designated Fund, the covered Employee's gross wages shall be divided by the applicable hourly wage rate set forth in the collective bargaining agreement for the covered Employee's job classification, which classification shall be determined by the Trustees after consultation with the Union.

Plan Assets – Withheld Contributions. Title to all the monies paid into and/or due and owing to the Trust Fund shall be vested in and remain exclusively in the Trustees of that Fund; outstanding and withheld contributions constitute Plan assets.

Effect of This Trust Agreement. To the extent this Trust Agreement conflicts with the terms and provisions of a collective bargaining agreement, the terms and provisions of this Trust Agreement shall govern. If this Trust Agreement conflicts with the terms and provisions of the separate Collections Policy established by the Trustees, the terms and provisions of the separate Collections Policy shall govern.

3. Section 5.14 is amended to read in full as follows:

Trustees to Act Without compensation. The Trustees shall act in such capacity without compensation, but they shall be entitled to reimbursement for the expenses properly and actually incurred in the performance of their duties with the Trust Fund, including, without limitation, attendance at meetings and other functions of the Board of Trustees or its committees or while on business of the Board of Trustees, attendance at institutes, seminars, conferences or workshops for or on behalf of the Trust Fund. However, solely in the Trustees' discretion, any Trustee who does not receive "full-time pay" (as defined in 29 C.F.R. §2550.408 c-2) from an Employer, any association of Employers or from the Union, and is not compensated for time spent at Trustees' meetings or for time and services devoted to Fund business, shall be compensated for such time in such amounts which, in the Trustees' opinion, will adequately and reasonably compensate such Trustee for the time spent at Trustees' meetings and/or the time and services devoted to Fund business.

4.    The following paragraph is added to Section 6.3:

The Participant may thereafter commence a legal proceeding against this Fund if he or she disagrees with the final decision of the Trustees regarding his or her claim or controversy. However, no legal action may be commenced or maintained against the Fund more than ninety (90) days after the Trustees' final decision on appeal is deposited in the mail to the Participant's or Beneficiary's last known address.


This certifies that the above Amendment was approved by the Trustees at a meeting on the 7th day of August, 2002.

Dated: 8/7/02

_____
Union Trustee

Dated: 8/7/02

_____
Employer Trustee

**RESTATED AGREEMENT AND DECLARATION OF TRUST
OF THE LABORERS LOCAL 589 PENSION FUND
AMENDMENT**

Pursuant to the provisions of Article IX, Section 1 of the Restated Agreement and Declaration of Trust, the following amendment is hereby adopted:

The name of the Trust is changed to "Laborers Local 785 Pension Trust".

This certifies that the above Amendment was approved by the Trustees at a meeting on the 10th day of _May, 2016_ .

Dated: 5/10/16                    David P. Marsh
                                  Union Trustee

Dated: 5/10/16                    _____
                                  Employer Trustee

**RESTATED AGREEMENT AND DECLARATION OF TRUST
OF THE LABORERS LOCAL 589 PENSION FUND
AMENDMENT**

Pursuant to Section 9.1 of the Restated Agreement and Declaration of Trust, the following amendments are hereby adopted:

1.    The following new subsection is added to Section 3.13:

(e) Any one or more members of the Board of Trustees may participate in a meeting of the Board of Trustees by conference telephone, video conference, or similar communications equipment allowing all participants in the meeting to hear each other at the same time. Participation by such means shall constitute presence at a meeting.

2.    The following new language is added to Article Four, Contributions and Collections:

Effect of Employer's Failure to Maintain Records.   In the event the Employer does not maintain or otherwise does not have in its possession records of the number of hours worked by each covered  Employee, the Employer agrees that in order to determine the number of hours for which contributions are required to be submitted to the designated Fund, the covered Employee's gross wages shall be divided by the applicable hourly wage rate set forth in the collective bargaining agreement for the covered Employee's job classification, which classification shall be determined by the Trustees after consultation with the Union.

Plan Assets – Withheld Contributions.   Title to all the monies paid into and/or due and owing to the Trust Fund shall be vested in and remain exclusively in the Trustees of that Fund;  outstanding and withheld contributions constitute Plan assets.

Effect of This Trust Agreement.   To the extent this Trust Agreement conflicts with the terms and provisions of a collective bargaining agreement, the terms and provisions of this Trust Agreement shall govern. If this Trust Agreement conflicts with the terms and provisions of the separate Collections Policy established by the Trustees, the terms and provisions of the separate Collections Policy shall govern.

3.    Section 5.14  is amended to read in full as follows:

Trustees to Act Without compensation.   The Trustees shall act in such capacity without compensation, but they shall be entitled to reimbursement for the expenses properly and actually incurred in the performance of their duties with the Trust Fund, including, without limitation, attendance at meetings and other functions of the Board of Trustees or its committees or while on business of the Board of Trustees, attendance at institutes, seminars, conferences or workshops for or on behalf of the Trust Fund.  However, solely in the Trustees' discretion, any Trustee who does not receive "full-time pay" (as defined in 29 C.F.R. §2550.408 c-2) from an Employer, any association of Employers or from the Union, and is not compensated for time spent at Trustees' meetings or for time and services devoted to Fund business, shall be compensated for such time in such amounts which, in the Trustees' opinion, will adequately and reasonably compensate such Trustee for the time spent at Trustees' meetings and/or the time and services devoted to Fund business.

4.    The following paragraph is added to Section 6.3:

The Participant may thereafter commence a legal proceeding against this Fund if he or she disagrees with the final decision of the Trustees regarding his or her claim or controversy. However, no legal action may be commenced or maintained against the Fund more than ninety (90) days after the Trustees' final decision on appeal is deposited in the mail to the Participant's or Beneficiary's last known address.

This certifies that the above Amendment was approved by the Trustees at a meeting on the 7th day of August , 2002.

Dated: 8/7/02

_____
Union Trustee

Dated: 8/7/02

_____
Employer Trustee