# EXHIBIT F

**RESTATED AGREEMENT AND DECLARATION OF TRUST**

**OF THE**

**LABORERS LOCAL 589**

**TRAINING AND APPRENTICESHIP FUND**

Restated Effective January 1, 1997

**Table of Contents**

ARTICLE ONE - DEFINITIONS

Section 1.1  Employer.................................................................................................. 1
Section 1.2  Local Union or Union.............................................................................. 2
Section 1.3  Employee ................................................................................................2
Section 1.4  Participant................................................................................................ 3
Section 1.5  Beneficiary .............................................................................................. 4
Section 1.6  Trustees.................................................................................................... 4
Section 1.7  Trust Fund................................................................................................ 4
Section 1.8  Restated Agreement and Declaration of Trust ....................................... 4
Section 1.9  Act or ERISA........................................................................................... 4
Section 1.10 Code........................................................................................................ 4
Section 1.11  Plan ........................................................................................................ 5
Section 1.12 Association .............................................................................................. 5
Section 1.13 Gender & Number .................................................................................. 5

ARTICLE TWO - CREATION AND PURPOSES OF FUND .......................... 5

ARTICLE THREE - TRUSTEES

Section 3.1  Number .................................................................................................... 6
Section 3.2  Acceptance of Trusteeship....................................................................... 6
Section 3.3  Term of Trustees...................................................................................... 6
Section 3.4  Vacancies................................................................................................. 7
Section 3.5  Form of Notification ................................................................................ 7
Section 3.6  Successor Trustee, Assumption of Office ............................................... 7
Section 3.7  Limitation of Liability of Trustees .......................................................... 7
Section 3.8  Office of the Fund.................................................................................... 8
Section 3.9  Officers .................................................................................................... 8
Section 3.10 Power to Act in Case of Vacancy ........................................................... 8
Section 3.11 Meetings; Notices ................................................................................... 8
Section 3.12 Attendance at Meetings; Minutes........................................................... 9
Section 3.13 Quorum; Voting; Action without Meeting ............................................. 9
Section 3.14 Manner of Acting in the Event of Deadlock........................................... 10
Section 3.15 Removal of Trustee (Violation of Act).................................................... 11

ARTICLE FOUR - CONTRIBUTIONS AND COLLECTIONS

i

Section 4.1 Employer Contributions ............................................................................... 11
Section 4.2 Receipt of Payment and Other Property of
Trust ............................................................................................................. 12
Section 4.3 Collection and Enforcement of Payments ................................................. 12
Section 4.4 Production of Records ................................................................................ 13
Section 4.5 Delinquent Contributions; Expenses of
Collection ..................................................................................................... 13
Section 4.6 Non-Payment by an Employer; Others Still
Obligated ...................................................................................................... 14

ARTICLE FIVE - POWERS AND DUTIES OF TRUSTEES

Section 5.1  Conduct of Trust Business ......................................................................... 14
Section 5.2  Use of Fund for Expenses .......................................................................... 14
Section 5.3  Use of Fund to Provide Benefits ................................................................ 15
Section 5.4  Investments ................................................................................................ 15
Section 5.5  Deposits and Disbursements ...................................................................... 16
Section 5.6  Allocation and Delegation of Fiduciary
Responsibilities ............................................................................................ 16
Section 5.7  Fund Manager ............................................................................................ 17
Section 5.8  By-Laws, Rules and Regulations ............................................................... 17
Section 5.9  Additional Authority .................................................................................. 18
Section 5.10 Bonds ........................................................................................................ 19
Section 5.11 Insurance ................................................................................................... 19
Section 5.12 Information to Participants ........................................................................ 20
Section 5.13 Accountants and Actuaries ....................................................................... 20
Section 5.14 Trustees to Act Without Compensation .................................................... 20
Section 5.15 Reports ...................................................................................................... 20
Section 5.16 Records of Trustee Transactions .............................................................. 21
Section 5.17 Construction and Determinations by Trustees .......................................... 21
Section 5.18 Liability ..................................................................................................... 21
Section 5.19 Reliance on Written Instruments .............................................................. 22
Section 5.20 Reliance by Others .................................................................................... 22
Section 5.21 Discharge of Liability ............................................................................... 22
Section 5.22 Establishment of Training Plan ................................................................. 22
Section 5.23 Amendment of Plan ................................................................................... 23
Section 5.24 Establishment of Claims Appeal Procedure ............................................. 24
Section 5.25 Attendance at Educational Seminars or
Conferences .................................................................................................. 24

ARTICLE SIX - CONTROVERSIES AND DISPUTES

Section 6.1 Reliance on Records .................................................................................... 24
Section 6.2 Submission to Trustees ............................................................................... 24

Section 6.3 Settling Disputes.................................................................................................. 25


## ARTICLE SEVEN - BENEFICIAL RIGHTS

Section 7.1 No Right, Title or Interest.................................................................................. 25


## ARTICLE EIGHT - ADDITIONAL PARTIES

Section 8.1 Additional Employers......................................................................................... 26
Section 8.2 Mergers............................................................................................................... 26


## ARTICLE NINE - AMENDMENTS

Section 9.1 Trust Agreement ................................................................................................. 27
Section 9.2 Compliance with ERISA .................................................................................... 27


## ARTICLE TEN - TERMINATION OF TRUST

Section 10.1 Distribution Upon Termination ........................................................................ 28
Section 10.2 Trustee Powers After Termination ................................................................... 28


## ARTICLE ELEVEN - CONSTRUCTION OF TRUST

Section 11.1 Validity and Construction................................................................................. 28
Section 11.2 Headings ........................................................................................................... 28


## ARTICLE TWELVE - MISCELLANEOUS

Section 12.1 Counterparts...................................................................................................... 28
Section 12.2 Enforceability of Trust Provisions................................................................... 29
Section 12.3 Designee for Service of Process ...................................................................... 29

iv

**RESTATED AGREEMENT AND DECLARATION OF TRUST**

**OF THE**

**LABORERS LOCAL 589 TRAINING FUND**


**WHEREAS,** Local Union 589 of the LABORERS INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO (hereafter referred to as the AUnion@), and the Employers entered into an Agreement and Declaration of Trust, dated May 1, 1988, establishing a training fund for the purpose of training covered participants; and

**WHEREAS,** the Trustees have determined that the aforesaid Agreement and Declaration of Trust should be restated and updated in accordance with applicable law to include in one document all the amendments heretofore adopted by the Trustees;

**NOW, THEREFORE,** in consideration of the premises and mutual covenants and agreements herein contained, the AGREEMENT AND DECLARATION OF TRUST of the LABORERS LOCAL 589 TRAINING FUND is hereby restated as follows:


**ARTICLE ONE**

**DEFINITIONS**

Section 1.1 Employer. The term "Employer" as used herein shall mean:

(a) An Employer who is a member of, or is represented in collective bargaining by, an Association and who is bound by a collective bargaining agreement with the Union providing for the

v

making of payments to the Trust Fund with respect to employees represented by the Union and employees of any affiliated Fund.

(b)  An Employer who is not a member of, nor represented in collective bargaining by an Association, but who has duly executed or is bound by a collective bargaining agreement with the Union providing for the making of payments to the Trust Fund with respect to employees represented by the Union.

(c)  The Union which, for the purpose of making the required contributions into the Trust Fund, shall be considered as the Employer of the Employees of the Union for whom the Union contributes to the Trust Fund.

(d)  An Employer who does not meet the requirements of the definition of "Employer" as stated in subsections (a), (b) and (c) of this section, but who is required to make contributions to the Trust Fund as a result of being a signatory to a national agreement or to an international agreement with the LABORERS INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO.

(e)  The Trust Fund shall be an Employer for employees of this Trust Fund who are not employed by an Employer as defined in section 1.1 (a), (b), (c) or (d), who are proposed and accepted for such benefits by the Trustees.

(f)  Employers as described in this section shall, by the making of payments to the Trust Fund pursuant to such collective bargaining or other written agreements, be deemed to have accepted and be bound by this Restated Trust Agreement.

Section 1.2 <u>Local Union or Union</u>.  The term "Local Union" or "Union" shall mean the LABORERS LOCAL 589.

Section 1.3 <u>Employee</u>.  The term "Employee" as used herein shall mean:

(a)  Any employee represented by the Union and working for an Employer as defined herein, and with respect to whose employment an Employer is required to make contributions into the Trust Fund.

(b)  An officer or employee of the Union who shall have been proposed for benefits under the Trust Fund by the Union and who shall have been accepted by the Trustees and for whom the Union agrees in writing to contribute to the Trust Fund at the rate fixed for contributions for other Employers.

(c)  An employee of an Employer, as defined in subsection (d) of section 1.1 on whose behalf such Employer is required to make contributions to the Trust Fund as provided in subsection (d) of section 1.1 and at a rate fixed for contributions for other Employers.

(d)  Employees, if any, of this Trust Fund who are not employed by an Employer as defined in section 1.1 (a), (b), (c) or (d), but as shall be proposed and accepted for such benefits by the Trustees.  As to such personnel as are employees of the Trust Fund, and any affiliated Pension or Welfare Trust, or other Trust Fund of the Union, the Trustees shall be deemed to be an Employer within the meaning of this Restated Trust Agreement and shall provide benefits for said employees out of the Trust Fund, on the same basis as for other employees.

(e)  Any employee employed on a full time basis by an Employer as defined herein, upon whom contributions are made by said Employers, even though such employee is not covered by a collective bargaining agreement, provided the receipt of such contributions is authorized and approved by the Trustees.  Contributions on behalf of non-bargaining unit employees must be on a non-discriminatory basis.

Section 1.4 Participant.  The term "Participant" shall mean any Employee or former Employee of an Employer who is or may become eligible to receive benefits under the Plan, or whose beneficiaries may become eligible to receive any such benefit.

3

Section 1.5 <u>Beneficiary</u>.  The term "Beneficiary" shall mean a person designated by the terms of the Restated Plan created pursuant to this Restated Agreement and Declaration of Trust, who is or may become entitled to a benefit.

Section 1.6 <u>Trustees</u>.  The term "Trustees" as used herein shall mean the Board of Trustees established under this Restated Agreement and Declaration of Trust together with their successors.  The Trustees collectively shall be the "Administrator" of this Fund as that term is used in the Act.

Section 1.7 <u>Trust Fund.</u>  The terms "Trust", "Trust Fund" and "Fund" as used herein shall mean the entire trust estate of the LABORERS LOCAL 589 TRAINING FUND, as it may from time to time be constituted, including, but not limited to all funds received in the form of contributions, together with all contracts (including dividends, interest, refunds, and other sums payable to the Trustees on account of such contracts), all investments made and held by the Trustees, all income, increments, earnings and profits therefrom, and any and all other property or funds received and held by the Trustees by reason of their acceptance of this Restated Agreement and Declaration of Trust.

Section 1.8 <u>Restated Agreement and Declaration of Trust</u>. The terms "Restated Agreement and Declaration of Trust" or "Restated Trust Agreement" as used herein shall mean this instrument, including all amendments and modifications as may from time to time be made.

Section 1.9 <u>Act or ERISA</u>.  The term "Act" or "ERISA" as used herein shall mean the Employee Retirement Income Security Act of 1974, any amendments as may from time to time be made, and any regulations promulgated pursuant to the provisions of the said Act.

Section 1.10 <u>Code</u>.  The term "Code" as used herein shall mean the Internal Revenue Code of 1986, as hereafter amended from time to time.

Section 1.11 <u>Plan</u>.  The term "Plan" as used herein shall mean the plan, program, method, rules and procedure for the payment of benefits from the Trust Fund established by the Trustees pursuant to this Restated Agreement and Declaration of Trust as from time to time amended.

4

Section 1.12 <u>Association</u>.  The term "Association" shall mean the CONSTRUCTION TRADES EMPLOYERS OF SOUTH CENTRAL NEW YORK, INC., and such other Associations as may hereafter become parties to Collective Bargaining Agreements with the Union.

Section 1.13 <u>Gender and Number</u>.  Wherever any words are used herein in the masculine, feminine or neuter gender, they shall be construed as though they were also used in another gender in all cases where they would so apply, and whenever any words are used herein in the singular or plural form, they shall be construed as though they were also used in the other form in all cases where they would so apply.

## ARTICLE TWO

## <u>CREATION AND PURPOSES OF FUND</u>

The Trust Fund is created, established and maintained, and the Trustees agree to receive, hold and administer the Trust Fund, for the purpose of providing such benefits as now are, or hereafter may be, authorized or permitted by law for Participants, their dependents, and Beneficiaries and in accordance with the provisions herein set forth and the Restated Plan.  It is intended that this Trust Fund and the Restated Plan be a "multi-employer plan" as that term is defined in Section 3(37)(A) of the Act and a "Welfare Benefit Plan" as that term is defined in the Act.

## ARTICLE THREE

## <u>TRUSTEES</u>

Section 3.1 <u>Number</u>.  The operation and administration of the Fund shall be the joint responsibility of six (6) Trustees.  Three (3) Employer Trustees shall be appointed by the Employers (as hereinbefore defined) and three (3) Union Trustees shall be appointed by the Business Manager of the

Union.   Only individuals who have been Union members and  participants in the Fund for five years or longer shall be eligible to be selected as Trustees for the Union.

In the event that it shall become necessary in the opinion of the majority of the Trustees to increase the number of Trustees, the Board may be enlarged to such number as shall be deemed proper and sufficient in the opinion of the Board of Trustees to give adequate representation.  Whenever the Board of Trustees shall be enlarged, it shall always be a requirement that equal representation on behalf of the Employer and the Union Trustees shall prevail.  When this occurs, the designation of additional Trustees shall be made as previously provided in this section.

Section 3.2 <u>Acceptance of Trusteeship</u>.  The Trustees in office on the day this Restated Agreement and Declaration of Trust is adopted by the Board of Trustees shall continue in office for the balance of their term of office.  The Trustees agree to accept the Trusteeship and act in their capacity strictly in accordance with the provisions of this Restated Agreement and Declaration of Trust.

Section 3.3 <u>Term of Trustees</u>.  The Trustees shall serve for three (3) years or until a successor Trustee shall be designated. Trustees may be removed or replaced at will by a majority vote of the Employer or Union Trustees, as the case may be, for cause, at a duly held meeting for this purpose.

Section 3.4 <u>Vacancies</u>.  If for any reason a Trustee cannot serve, or resigns, or is removed before the expiration of the term for which he is appointed, a successor shall be designated in accordance with Section 3.1, above, and by the same group, either Employer or Union, as the Trustee to whose office he is succeeding.  The resignation, removal or death of any Trustee shall not impair the right of the remaining Trustees to vote providing a quorum shall be present.

Section 3.5 <u>Form of Notification</u>.  In case any Trustee shall be removed, replaced, or succeeded, a notice in writing by the Secretary of the Fund shall be sufficient evidence of the action taken by the Board of Trustees.

Section 3.6 <u>Successor Trustee, Assumption of Office</u>.  Any successor Trustee shall immediately upon his appointment as a successor Trustee and his acceptance of the Trusteeship in writing become vested with all the property rights, powers and duties of a Trustee hereunder with like effect as if originally named a Trustee without the necessity of any formal conveyance or other instrument of title.

Section 3.7 <u>Limitation of Liability of Trustees.</u>

(a)  No successor Trustees shall in any way be liable or responsible for anything done or committed in the administration of the Trust prior to the date they became a Trustee.  The Trustees shall not be liable for the acts or omissions of any investment manager, attorney, auditor, accountant, consultant, agent or assistant employed by them in pursuance of this Restated Agreement, if such investment manager, attorney, auditor, accountant, consultant, agent or assistant was selected pursuant to this Restated Agreement and such person's performance was periodically reviewed by the Trustees who found such performance to be satisfactory.

(b)  No Trustee shall be liable or responsible for his own acts or for any acts or default of any other fiduciary or party in interest or any other person, except in accordance with applicable federal law.

Section 3.8 <u>Office of the Fund</u>.  The principal office of the Trust Fund shall, so long as such location is feasible, be located and maintained at 622 West State Street, Ithaca, New York.   The location of the principal office shall be made known to the parties interested in the Trust Fund.  At such office, and at such other places as may be required by law, there shall be maintained the books and records pertaining to the Trust Fund and its administration.

Section 3.9 <u>Officers</u>.  Each year the Trustees shall elect from among themselves a Chairman and a Secretary to serve for a term of one (1) year commencing with the first day of the Plan's fiscal year, or until his or their successors have been elected.  When the Chairman is elected from the Employer Trustees, then the Secretary shall be elected from the Union Trustees; and when the Chairman shall be

7

elected from the Union Trustees, then the Secretary shall be elected from the Employer Trustees. The Secretary, or such other person as the Trustees may designate, shall keep minutes and records of all meetings, proceedings and acts of the Trustees and shall, with reasonable promptness, send copies of such minutes and records to all Trustees. The Chairman shall preside at all meetings of the Trustees.

Section 3.10 Power to Act in Case of Vacancy. No vacancy or vacancies on the Board of Trustees shall impair the power of the remaining Trustees, acting in the manner provided by this Restated Trust Agreement, to administer the affairs of the Trust Fund notwithstanding the existence of such vacancy or vacancies.

Section 3.11 Meetings; Notices. The Trustees shall meet at least once each three (3) months and at such other times as they deem it necessary to transact their business. The Chairman or the Secretary of the Board of Trustees may, and upon the written request of any two (2) Trustees shall, call a meeting of the Trustees at any time by giving at least five (5) days' written notice of the time and place thereof to the remaining Trustees. A meeting of the Trustees may be held at any time without notice if all the Trustees consent thereto in writing.

Section 3.12 Attendance at Meetings; Minutes. All official meetings of the Trustees shall be attended only by the Trustees and shall not be open to the public, except that there may attend such other persons as may be designated by the Trustees or when invited to do so, and as may be otherwise required by law. Written minutes, a copy of which shall be furnished with reasonable promptness to each Trustee, shall be kept of all business transacted and of all matters upon which voting shall have occurred and the vote of each Trustee shall be recorded.

Section 3.13 Quorum; Voting; Action without Meeting.

(a) One (1) Employer Trustee and One (1) Union Trustee present in person at any meeting of the Board of Trustees shall constitute a quorum for the transaction of business. If at any meeting the number of Employer and Union Trustees present shall be unequal, then the group of Trustees

8

lesser in number shall be entitled to cast the same number of votes as the other group of Trustees. If no proxy has been given by the absent Trustee and such Trustees shall be unable to agree as to the manner in which the vote of the absent Trustee shall be cast, then action on the matter under consideration shall be postponed until all Trustees of the group shall be present. If a written proxy has been granted in accordance with subsection (d), below, the Trustee who holds the proxy may vote it as he sees fit, subject to any limitations or restrictions which may be specified in the proxy.

(b) Any action taken by the Trustees, except as herein otherwise provided, shall be by majority vote of the quorum, which voting shall be on a unit basis of the respective Employer and Union Trustees. In such voting, a proposal must be approved by a majority of the Employer Trustees present at the meeting, and a majority of the Union Trustees present at the meeting. Without such approval, the proposal shall not be considered to have been adopted.

(c) Action by the Trustees on any proposition may also be taken without a meeting if all of the Trustees agree thereon in writing.

(d) Any Trustee absent from a meeting may, by written proxy, duly subscribed by him, authorize another Trustee who was appointed by the same entity as the absent Trustee, to vote on his behalf and in his stead at any meeting of the Board of Trustees.

Section 3.14 <u>Manner of Acting in the Event of Deadlock</u>.

(a) A deadlock shall be deemed to exist whenever a proposal, nomination, motion or resolution made or proposed by any one of the Trustees is not adopted, rejected, or otherwise acted upon by a majority vote and the maker of the proposal, nomination, motion or resolution notifies the remaining Trustees in writing that a deadlock exists.

(b) In the event of such deadlock arising, the Trustees shall meet for the purpose of agreeing upon an impartial umpire to break such deadlock by deciding the dispute in question. In the event of the inability of the Trustees to agree upon the selection of such impartial umpire within a

reasonable time, then, on the petition of either group of Trustees, a Judge of the District Court of the United States for the Northern District of New York shall appoint such impartial umpire.  Such impartial umpire shall immediately proceed to hear the dispute between the Trustees and decide such dispute, and the decision and award of such umpire shall be final and binding upon the parties.  The reasonable compensation of such umpire and the costs and expenses (including, without limitation, attorneys' and reporter fees) incidental to any proceedings instituted to break a deadlock shall be paid by the Trust Fund.

(c)  Any impartial umpire selected or designated to break a deadlock shall be required to enter his decision within a reasonable time fixed by the Trustees.  The scope of any such proceeding before such impartial umpire shall be limited to the provisions of this Restated Trust Agreement and to the provisions of the rules, regulations and by-laws adopted by the Trustees and to the plan of benefits established by them.  The impartial umpire shall have no jurisdiction or authority to change or modify the provisions of this Restated Trust Agreement or to decide any issue arising under or involving the interpretation of any collective bargaining agreements between the Union, the Association and other Employers, and such impartial umpire shall have no power or authority to change or modify any provisions of any such collective bargaining agreements.

Section 3.15 Removal of Trustee (Violation of Act).  The Board of Trustees shall initiate action to cause the removal of any Trustee who may be serving as a Trustee in violation of the Act. The vacancy or vacancies caused by such a removal shall be filled in accordance with section 3.4.

## ARTICLE FOUR

## CONTRIBUTIONS AND COLLECTIONS

Section 4.1 Employer Contributions.

10

(a)  Each Employer shall make prompt contributions to the Trust Fund in such amount and under the terms as are provided for in the applicable collective bargaining agreement in effect from time to time between the Employer or his bargaining representative and the Union.  An Employer may also be required to make contributions in such amount and under such terms as such Employer may be obligated, in writing, to make, provided that such contributions shall be subject to acceptance by the Trustees.  The Employer agrees that such contributions shall constitute an absolute obligation to the Trust Fund, and such obligation shall not be subject to set-off or counterclaim which the Employer may have for any liability of the Union or of an Employee.

(b)  Contributions to the Fund shall be paid to the Trustees or to such depository as the Trustees shall designate, only by check, bank draft, money order or other recognized written method of transmitting money or its equivalent, made payable to the order of the Fund.  The payment of contributions shall be made periodically at such times as the Trustees shall specify by rules and regulations or as may be provided in the applicable collective bargaining agreement.

(c)  Each Employer shall be responsible only for the contributions payable by him on account of employees covered by him, except as may be otherwise provided by law.  The Employer shall not be responsible for the contributions, payments or other obligations of any other Employer, or otherwise.

(d)  In the event an employee employed by an Employer, as defined herein, shall perform work outside of the geographical jurisdiction of the Union, the Employer may continue to make payments to the Trust Fund and the Trustees may accept such payments.

Section 4.2 <u>Receipt of Payment and Other Property of Trust</u>. The Trustees or such other person or entity designated or appointed by the Trustees are hereby designated as the persons to receive the payments heretofore or hereafter made to the Trust Fund.  The Trustees are hereby vested with all right, title

11

and interest in and to such monies and all interest which may be accrued thereon, and are authorized to receive and be paid the same.

Section 4.3 <u>Collection and Enforcement of Payments</u>.  The Trustees, or such committee of the Trustees as the Board of Trustees shall appoint, or the Plan Manager if one has been appointed and when directed by such committee or by the Board of Trustees, shall have the power to demand, collect and receive Employer payments and all other money and property to which the Trustees may be entitled, and shall hold the same until applied to the purposes provided in this Restated Trust Agreement. They shall take such steps, including the institution and prosecution of, or the intervention in, such legal or administrative proceedings as the Trustees in their sole discretion determine to be in the best interest of the Trust Fund for the purpose of collecting such payments, money and property, without prejudice, however, to the rights of the Union to take whatever steps it deems necessary and wishes to undertake for such purposes.

Section 4.4 <u>Production of Records</u>.  Each Employer shall promptly furnish to the Trustees, on demand, the names of his Employees, their Social Security numbers, the hours worked by each Employee and such other information as the Trustees may reasonably require in connection with the administration of the Trust Fund and for no other purpose.  The Trustees may, by their respective representatives, examine the pertinent employment and payroll records of each Employer at the Employer's place of business whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust Fund.  The Trustees may require, in the cases of the Employers with offices outside the geographical jurisdiction of the Union, that the Employer produce the above-referred to records for examination at the Office of the Fund.  The Union shall, upon the request of the Trustees, promptly furnish information in respect to an Employee's employment status.

Section 4.5 <u>Delinquent Contributions; Expenses of Collection</u>.  The Trustees may require the payment by Employers of liquidated damages (as provided in the applicable collective bargaining

12

agreement, the Plan, or in a separate Collection Policy established by the Trustees, and of other costs and expenses (such as, without limitation, audit fees, accounting fees, interest, attorneys' fees, paralegal fees, filing fees and cost of service of papers and all other costs and disbursements) incurred by the Trustees and arising out of the collection of an Employer's delinquent contributions.

Section 4.6 <u>Non-Payment by an Employer; Others Still Obligated.</u>

Non-payment, by any Employer, of any contribution or other monies owed to the Fund shall not relieve any other Employer from his obligation to make required contributions to the Trust Fund.

**ARTICLE FIVE**

**<u>POWERS AND DUTIES OF TRUSTEES</u>**

Section 5.1 <u>Conduct of Trust Business</u>.  The Trustees shall have general supervision of the operation of the Trust Fund and shall conduct the business and activities of the Trust Fund in accordance with this Restated Trust Agreement and applicable law.  The Trustees shall hold, manage and protect the Trust Fund and collect the income therefrom and contributions thereto.  The Trustees may, in the course of conducting the business of the Trust, execute all instruments in the name of the Fund, which instruments shall be signed by at least one Employer and one Union Trustee, provided, however, any one Trustee, or the Plan Manager, or the Trust Fund Attorney may execute legal documents to commence and process law suits to enforce Trust collections on behalf of the Trustees.

Section 5.2 <u>Use of Fund for Expenses</u>.  The Trustees shall have the power and authority to use and apply the Trust Fund to pay or provide for the payment of all reasonable and necessary expenses (I) of collecting the Employer contributions and payments and other moneys and property to which they may be entitled and (ii) of administering the affairs of this Trust, including the employment of such adminis-trative, legal, expert and clerical assistance, the purchase or lease of such premises, materials, supplies

13

and equipment and the performance of such other acts, as the Trustees, in their sole discretion, find necessary or appropriate in the performance of their duties.

Section 5.3 <u>Use of Fund to Provide Benefits</u>.  The Trustees shall also have the power and authority to use and apply the Trust Fund to pay or provide for the payment of such training and related benefits to eligible Participants, their dependents, or Beneficiaries, in accordance with the terms, provisions, and conditions of the Training Plan formulated and agreed upon hereunder by the Trustees, and pursuant to the provisions of the Act.

Section 5.4 <u>Investments</u>.

(a)  The Trustees shall have the power and authority, in their sole discretion, to invest and reinvest such funds as are not necessary for current expenditures or liquid reserves, as they may from time to time determine, in such investments as are legal investments under applicable State and Federal Law relating to the investment of assets of multi-employer trust funds.  The Trustees may sell, exchange or otherwise dispose of such investments at any time, and from time to time, as provided in section 5.9(f).  The Trustees shall also have power and authority (in addition to, and not in limitation of, common law and statutory authority) to invest in any stocks, bonds or other property, real or personal, including improved or unimproved real estate and equity interests in real estate, where such an investment appears to the Trustees, in their discretion and consistent with their fiduciary obligations, to be in the best interest of the Trust Fund and its Participants and Beneficiaries, judged by then prevailing business conditions and standards.  The Trustees shall have the authority, in respect to any stocks, bonds or other property, real or personal, held by them as Trustees, to exercise all such rights, powers and privileges as might be lawfully exercised by any person owning similar stocks, bonds or other property in his own right.

(b)  <u>Delegation and Allocation of Investment Functions</u>.

14

(1)  The Trustees are authorized, in their discretion, by resolution, to allocate to a Finance Committee such duties and responsibilities to invest and reinvest such Fund assets as they shall specify in such allocation.

(2)  The Trustees shall have the power and authority to appoint one or more investment managers (as defined in Section 3(38) of the Act) who shall be responsible for the management, acquisition, disposition, investing and reinvesting of such of the assets of the Trust Fund as the Trustees shall specify.  Any such appointment may be terminated by the Trustees upon proper written notice.  The fees of such investment manager, and its expenses to the extent permitted by law, shall be paid out of the Trust Fund.

(3)  In connection with any allocation or delegation of investment functions under paragraphs (1) and (2) of this subsection (b), the Trustees shall, from time to time, adopt appropriate investment policies or guidelines.

Section 5.5 <u>Deposits and Disbursements</u>.  All Trust Funds not invested shall be deposited by the Trustees in such depository or depositories as the Trustees shall from time to time select, and any such deposit or deposits, or disbursements therefrom, shall be made in the name of the Trust in the manner designated by the Trustees and upon the signature(s) of persons designated and authorized by the Trustees.

Section 5.6 <u>Allocation and Delegation of Fiduciary Responsibilities</u>.  The Trustees may, by resolution or by-law or by provisions of this Restated Trust Agreement, allocate fiduciary responsibilities and various administrative duties to committees or subcommittees of the Board of Trustees, and they may delegate such responsibilities and duties to other individuals as they may deem appropriate or necessary in their sole discretion and consistent with the Act.

Section 5.7 <u>Fund Manager</u>.  The Trustees may employ or contract for the services of an individual, firm or corporation, to be known as "Fund Manager", who shall, under the direction of the

15

Trustees or under the direction of any appropriate committee of the Trustees, administer the office or offices of the Trust Fund and of the Trustees, coordinate and administer the accounting, bookkeeping and clerical services, provide for the coordination of various services furnished by any consultants to the Fund, prepare (in cooperation where appropriate with any consultant and independent auditor) all reports and other documents to be prepared, filed or disseminated by or on behalf of the Trust in accordance with law, assist in the collection of contributions required to be paid to the Trust Fund by Employers and perform such other duties and furnish such other services as may be assigned, delegated or directed or as may be contracted by or on behalf of the Trustees.  The Fund Manager shall be the custodian on behalf of the Trustees of all documents and other records of the Trustees and of the Trust Fund.

Section 5.8 <u>By-Laws, Rules and Regulations</u>.

(a)   The Trustees are hereby empowered and authorized to adopt by-laws and to promulgate any and all necessary rules and regulations which they deem necessary or desirable to facilitate the proper administration of the Trust Fund, provided the same are consistent with the terms of this Restated Trust Agreement. All by-laws, rules and regulations adopted by action of the Trustees shall be binding upon all parties hereto, all parties dealing with the Trust Fund and all persons claiming any benefits hereunder.

(b)  No by-law, regulation, rule, action or determination made or adopted by the Trustees, nor any decision or determination made by any impartial umpire appointed pursuant to section 3.14(b) of this Restated Agreement, shall in any manner conflict or be inconsistent (1) with any provisions of the applicable current collective bargaining agreement in effect, or which may be made, between an Employer and the Union, (2) with this Restated Trust Agreement, or (3) with any applicable Federal, State or local law.

Section 5.9 <u>Additional Authority</u>.  The Trustees are hereby empowered, in addition to such other powers as are set forth herein or conferred by law to:

16

(a) enter into any and all contracts and agreements for carrying out the terms of this Restated Trust Agreement and for the administration of the Trust Fund, and to do all acts as they, in their discretion, may deem necessary or advisable, and such contracts and agreements and acts shall be binding and conclusive on the parties hereto and on the Participants involved;

(b) keep property and securities registered in the names of the Trustees or of the Fund or in the name of any other individual or entity duly designated by the Trustees;

(c) establish and accumulate as part of the Trust Fund such reasonable reserve funds as the Trustees, in their sole discretion, deem necessary or desirable to carry out the purposes of such Trust Fund;

(d) pay out of the Trust Fund all real and personal property taxes, income taxes, and other taxes of any and all kinds levied or assessed under existing or future laws upon or in respect to the Trust Fund, or any money, property, or securities forming a part thereof;

(e) do all acts whether or not expressly authorized herein, which the Trustees may deem necessary or proper for the protection of the property held hereunder;

(f) sell, exchange, lease, convey, mortgage or dispose of any property, whether real or personal, at any time forming a part of the Trust Fund upon such terms as they may deem proper, and to execute and deliver any and all instruments of conveyance, lease, mortgage and transfer in connection therewith;

(g) establish and carry out a funding policy and method consistent with the objectives of the Plan and the Act;

(h) borrow or raise money for the purposes of the Trust Fund in such amount, and upon such terms and conditions, as the Trustees shall deem advisable; and for any sum so borrowed, to issue a promissory note as Trustees, and to secure the repayment thereof by pledging all, or any part, of the

17

Trust Fund; and no person lending money to the Trustees shall be bound to see to the application of the money lent or to inquire into the validity, expediency, or propriety of any borrowing;

(I) commence or defend suits or legal or administrative proceedings and to represent the Trust Fund in all suits and legal and administrative proceedings; and

(j) apply for and procure from responsible insurance companies, to be selected by the Trustees, as an investment of the Trust Funds, such annuity or other contracts (on the life of any Participant) as the Trustees shall deem proper; to exercise, at any time or from time to time, whatever rights and privileges may be granted under such annuity or other contracts; to collect, receive, and settle for the proceeds of all such annuity or other contracts as and when entitled to do so under the provisions thereof.

Section 5.10 <u>Bonds</u>.  The Trustees shall obtain from an authorized surety company such bonds as may be required by law, covering such person and in such amounts (but not less than required by law) as the Trustees, in their discretion, may determine.  The cost of premiums for such bonds shall be paid out of the Trust Fund.

Section 5.11 <u>Insurance</u>.  The Trustees may in their discretion obtain and maintain policies of insurance, to the extent permitted by law, to insure themselves, the Trust Fund as such, as well as employees or agents of the Trustees and of the Trust Fund, while engaged in business and related activities for and on behalf of the Trust Fund (1) with respect to liability to others as a result of acts, errors or omissions of such Trustee or Trustees, employees or agents, respectively, provided such insurance policy shall provide recourse by the insurer against Trustees as may be required by law and (2) with respect to injuries received or property damage suffered by them.  The cost of the premiums for such policies of insurance shall be paid out of the Trust Fund.

Section 5.12 <u>Information to Participants and Beneficiaries</u>. The Trustees shall provide Participants and Beneficiaries with such information as may be required by the Act.

18

Section 5.13 <u>Accountants and Actuaries</u>.  The Trustees shall engage one or more independent qualified public accountants who shall be either a certified public accountant or a licensed public accountant as defined in the Act to perform all services as may be required by applicable law and such other services as the Trustees may deem necessary.  The Trustees may, and if required by law shall, engage one or more enrolled actuaries to perform all services as may be required by applicable law and such other services as the Trustees may deem necessary.

Section 5.14 <u>Trustees to Act Without Compensation</u>.  The Trustees shall act in such capacity without compensation, unless compensation is permitted under applicable law, but they shall be entitled to reimbursement for the expenses properly and actually incurred in the performance of their duties with the Trust Fund, including, without limitation, attendance at meetings and other functions of the Board of Trustees or its committees or while on business of the Board of Trustees, attendance at institutes, seminars, conferences or workshops for or on behalf of the Trust Fund.

Section 5.15 <u>Reports</u>.  All reports required by law to be signed by one or more Trustees shall be signed by all of the Trustees, provided that all of the Trustees may appoint in writing, or by resolution adopted and spread on the minutes, one or more of their members to sign such report on behalf of the Trustees.

Section 5.16 <u>Records of Trustee Transactions.</u>  The Trustees shall keep true and accurate books of account and a record of all of their transactions and meetings (including actions taken at such meetings and by informal action of the Trustees), which records and books shall be audited at least annually by an independent qualified public accountant.  A copy of each audit report shall be furnished both to the Association and to the Union and shall be available for inspection by interested persons at the principal office of the Trustees.

Section 5.17 <u>Construction and Determinations by Trustees</u>. Subject to the stated purposes of the Fund and the provisions of this Restated Agreement, the Trustees shall have full and exclusive authority

19

to determine all questions of coverage and eligibility, methods of providing or arranging for benefits and all other related matters.  They shall have full power to construe the provisions of this Restated Agreement, the terms used herein and the by-laws and regulations issued thereunder.  Any such determination and any such construction adopted by the Trustees in good faith shall be binding upon all of the parties hereto and any Participants and Beneficiaries hereof.  No matter respecting the foregoing or any difference arising thereunder or any matter involved in or arising under this Restated Trust Agreement shall be subject to the grievance or arbitration procedure established in any collective bargaining agreement between the Employer and the Union, provided, however, that this clause shall not affect the rights and liabilities of any of the parties under any of such collective bargaining agreements.

Section 5.18 <u>Liability</u>.  The Trustees, to the extent permitted by applicable law, shall incur no liability in acting upon any instrument, application, notice, request, signed letter, telegram or other paper or document believed by them to be genuine and to contain a true statement of facts, and to be signed by the proper person.

Section 5.19 <u>Reliance on Written Instruments</u>.  Any Trustee, to the extent permitted by applicable law, may rely upon any instrument in writing purporting to have been signed by a majority of the Trustees as conclusive evidence of the fact that a majority of the Trustees have taken the action stated to have been taken in such instrument.

Section 5.20 <u>Reliance by Others</u>.  No party dealing with the Trustees shall be obligated (a) to confirm that any funds or property of the Trust Fund are applied for the stated Trust purposes or (b) to confirm that the terms of this Restated Trust Agreement have been complied with or (c) to inquire into the necessity or expediency of any act of the Trustees.  Every instrument executed by the Trustees shall be conclusive evidence in favor of every person relying thereon (a) that at the time of the execution of said instrument, the Trust was in full force and effect, (b) that the instrument was executed in accordance

with the terms and conditions of this Restated Trust Agreement and (c) that the Trustees were duly authorized and empowered to execute the instrument.

Section 5.21 <u>Discharge of Liability</u>. The receipt by the Trustees for any money or property or checks (after such checks are honored at the bank and paid to the Trust Fund) shall discharge the person or persons paying or transferring the same to the extent of such payment.

Section 5.22 <u>Establishment of Training Plan</u>. The Trustees shall formulate a Plan to provide such training, re-training, skill improvement, safety education and related benefits as are feasible. The Trustees shall have full and exclusive discretionary authority to determine eligibility for benefits under the Plan and to construe the terms of the Plan. They shall be the sole judges of the standard of proof required in any case, and of the application and interpretation of the Plan. Decisions of the Trustees shall be final and binding on all parties, and shall not be reversed or overturned unless determined to be arbitrary and capricious. The Plan shall at all times comply with all applicable Federal statutes and regulations and to the provisions of this Restated Trust Agreement. The Trustees shall not be under any obligation to pay any benefits if the payment of such benefits will result in loss of the Trust Fund's tax exempt status under the then applicable Internal Revenue Code and any regulations or rulings issued pursuant thereto. The Trustees have drafted, and shall as they deem necessary draft, procedures, regulations, and conditions for the operation of the Plan, including, by way of illustration and not limitation: conditions of eligibility for Participants and their Beneficiaries, procedures for claiming benefits, schedules of type and amount of benefits to be paid, and procedures for the distribution of benefits. The Trustees may also provide for the payment of partial or full benefits, and may enter into agreements with other Trustees of similar plans which conform to the applicable sections of the then applicable Internal Revenue Code for purposes of tax deductions for the reciprocal recognition of hour of service credits, and payment of partial or full benefits based upon such credits.

Section 5.23 <u>Amendment of Plan</u>.  The Plan may be amended by the Trustees from time to time, provided that such amendments comply with the applicable sections of the then applicable Internal Revenue Code, all applicable federal statutes and regulations, the contract articles creating the Trust Fund, and the purposes as set forth in this Restated Trust Agreement.  Additionally and not by way of limitation, the Trustees may amend the Plan, in futuro, or retroactively, where they deem it necessary to maintain the continuation of the Trust Fund's tax exempt status or to preserve compliance with the then applicable Internal Revenue Code, applicable federal statutes, and any regulations or rulings issued with respect thereto.

Section 5.24 <u>Establishment of Claims Appeal Procedure</u>.  The Trustees shall adopt an appropriate and legal claims appeal procedure in accordance with the Act, and in accordance with any regulations promulgated thereunder.

Section 5.25 <u>Attendance at Educational Seminars or Conferences</u>.

The Trustees are hereby authorized to attend meetings, seminars and/or educational conferences, the sole purpose of which shall be disseminating and providing information in educational matters for the benefit, instruction, aid, and guidance of trustees of funds, and it is expressly provided that Trustees attending such meetings or conferences shall be reimbursed for all necessary and proper expenses in connection with the attendance of such meetings, seminars, or educational conferences.  Attendance of such meetings shall be by first class transportation and lodging.

## ARTICLE SIX

### <u>CONTROVERSIES AND DISPUTES</u>

Section 6.1 <u>Reliance on Records</u>.  In any controversy, claim, demand, suit at law or other proceeding between any Participant, Beneficiary or any other person and the Trustees, the Trustees shall be entitled to rely upon any facts appearing in the records of the Trustees, any instruments on file with

the Trustees, with the Union or with the Employers, any facts certified to the Trustees by the Union or the Employers, any facts which are of public record and any other evidence pertinent to the issue involved.

Section 6.2 <u>Submission to Trustees</u>. All questions or controversies, of whatsoever character, arising in any manner or between any parties or persons in connection with the Trust Fund or the operation thereof, whether as to any claim which is made for any benefits by any Participant, Beneficiary or any other person, or whether as to the construction of the language or meaning of the by-laws, rules and regulations adopted by the Trustees or this instrument, or as to any writing, decision, instrument or accounts in connection with the operation of the Trust Fund or otherwise, shall be submitted to the Trustees or, in the case of questions related to claims for benefits, to an Appeals or Review Committee, if one has been appointed, and the decision of the Trustees or Appeals or Review Committee shall be binding upon all persons dealing with the Trust Fund or claiming benefits thereunder.

Section 6.3 <u>Settling Disputes</u>. The Trustees may in their sole discretion compromise or settle any claim or controversy in such manner as they think best, and any majority decision made by the Trustees in compromise or settlement of a claim or controversy, or any compromise or settlement agreement entered into by the Trustees, shall be conclusive and binding on all parties interested in the Trust.

**ARTICLE SEVEN**

**<u>BENEFICIAL RIGHTS</u>**

Section 7.1 <u>No Right, Title or Interest.</u> No Employer, nor any employee of any such Employer, nor the Union, nor any member of the Union, nor any persons claiming by, through or under any of them, shall have any right, title or interest in or to the Trust estate or any part thereof, except the right of the Participant, their dependents, or Beneficiary who is covered by Plan benefits in the amount and subject to the terms and conditions specified in the Plan, or as may be specified and determined by the Trustees.

23

No person shall have the option to receive instead of the Plan benefits any part of the Employer contributions. It shall be impossible, at any time prior to the satisfaction of all liabilities with respect to Participants and their Beneficiaries under this Trust, for any part of the corpus or income to be used for, or diverted to, purposes other than the exclusive benefit of the Participants or their Beneficiaries, and the assets of the Fund shall never inure to the benefit of any Employer, except in the case of a contribution which is made by an Employer by a mistake of fact or law, in which event such contribution may be returned by the Trustees to such Employer not later than six months after the Plan Administrator determines that the contribution was made by a mistake of fact or law. This shall not entitle any Employer to unilaterally take a credit for any such alleged mistaken contribution. Such credit may only be taken if the Trustees, in their sole discretion, determine that such a mistaken contribution has, in fact, been made, and that such contribution should be returned.

## ARTICLE EIGHT

## ADDITIONAL PARTIES

Section 8.1 Additional Employers. Additional Employers may be admitted to participation in this Fund upon approval by the Trustees. The participation of such additional Employers shall be subject to such terms and conditions as the Trustees may prescribe, including the signing of a collective bargaining agreement with the Union.

Section 8.2 Mergers. The Trustees are authorized to merge, combine and consolidate this Fund with other Funds only as provided in this Section. Notwithstanding Article NINE, Section 9.1 of this Trust, the provisions of this Section may not be changed by the Trustees except by unanimous vote of all the Trustees in accordance with subsection (b), below.

(a) Participants' Advisory Vote. Prior to a Trustee vote, there shall be an advisory vote of Fund participants on the proposed merger, combination, or consolidation. Written notice of the

24

meeting for the participants' vote shall be provided to such participants at their last known address at least 14 days prior to such meeting.  The notice shall specify the date, time, place, and subject of the meeting.

(b)  <u>Trustees Vote</u>.  The Trustees are authorized to vote on the questions of merger, combination, or consolidation only after the participants' advisory vote described in paragraph (a), above.  The Trustees may consider the outcome of the participants' vote, but they are not bound by it.  The Trustees are authorized to approve merger, combination, or consolidation only upon unanimous vote of all the Trustees at a meeting called in accordance with Article Three, Section 3.11 of this Trust.  In the event a Trustee is not present at such meeting, he shall vote by written absentee ballot.  No merger, combination or consolidation shall take place unless all Trustees have voted for it, whether at such meeting, or by written absentee ballot.  In any such vote, an abstention shall count as a negative vote.

## ARTICLE NINE

## <u>AMENDMENTS</u>

Section 9.1 <u>Trust Agreement</u>.  This Agreement may be amended by a written instrument executed by the Trustees, provided that any amendment to effect a merger, combination, or consolidation of this Fund with other funds shall be void unless adopted in accordance with Article Eight, Section 8.2.  No amendment shall divert or provide for the use of the Trust Fund then in the hands of the Trustees, other than for the purposes of this Trust, to those persons covered hereby, or to their beneficiaries.

Section 9.2 <u>Compliance with ERISA</u>.  Anything in section 9.1 above to the contrary notwithstanding, the Trustees shall have the authority to amend this Restated Agreement and Declaration of Trust in order to conform with the requirements of ERISA.

## ARTICLE TEN

## <u>TERMINATION OF TRUST</u>

Section 10.1 <u>Distribution Upon Termination</u>.  In the event of the termination of the Trust Fund, the Trustees shall thereupon allocate and distribute the assets of the Fund in accordance with the applicable provisions of ERISA.

Section 10.2 <u>Trustee Powers After Termination</u>.  The Trustees shall be entitled to continue and/or exercise all the title, powers, discretions, rights and duties conferred or imposed upon the Trustees by law, or by this Trust, after the termination of this Trust, in whole or in part, until the final distribution of the assets thereof.

**ARTICLE ELEVEN**

**<u>CONSTRUCTION OF TRUST</u>**

Section 11.1 <u>Validity and Construction</u>.  All questions pertaining to the validity of or construction of this Restated Agreement and of the acts or transactions of the parties shall be determined in accordance with the provisions of ERISA.

Section 11.2 <u>Headings</u>.  The headings and subheadings of this Restated Agreement have been inserted for convenience of reference and are to be ignored in any construction of the provisions hereof.

**ARTICLE TWELVE**

**<u>MISCELLANEOUS</u>**

Section 12.1 <u>Counterparts</u>.  This Restated Trust Agreement is made in counterparts any of which shall be deemed the sole original if the others be not produced.

Section 12.2 <u>Enforceability of Trust Provisions</u>.  In the event that any of the provisions herein contained shall be invalid or unenforceable, such declaration or adjudication shall not in any manner affect or impair the validity or the enforceability of the other and remaining provisions of this Trust and

26

such other and remaining provisions shall remain in full force and effect as though such invalid or unenforceable provisions or clauses had not been herein included or made a part hereof.

Section 12.3 <u>Designee for Service of Process</u>.  Linda L. Dresser, Fund Manager, or any member of the Board of Trustees, is designated as the agent of the Trust upon whom process against the Trust may be served.  The address where any process against the Trust may be served is :

622 West State Street
Ithaca, New York 14850

**IN WITNESS WHEREOF**, the Trustees have executed this Restated Agreement and Declaration of Trust, and have evidenced their ratification and consent to be bound by the Trust created herein, effective the first day of January, 1997.

DATED:_____

EMPLOYER TRUSTEES:                              UNION TRUSTEES:

_____        _____

_____        _____

_____        _____

27

lab589tr\agr\rstrst96.jac

28

## RESTATED AGREEMENT AND DECLARATION OF TRUST
## OF THE LABORERS LOCAL 589 TRAINING FUND

### AMENDMENT

Pursuant to Section 9.1 of the Restated Agreement and Declaration of Trust, the following amendments are hereby adopted:

1.    Section 1.2 is revised to read in full as follows:

Section 1.2 Local Union or Union.  The term "Local Union" or "Union" means the Laborers Local 785.

2.    Section 1.7 is revised to read in full as follows:

Section 1.7 Trust Fund.  The terms "Trust", "Trust Fund" and "Fund" as used herein means the entire trust estate of the LABORERS LOCAL 785 TRAINING AND APPRENTICESHIP FUND, as it may from time to time be constituted, including, but not limited to all funds received in the form of contributions, together with all contracts (including dividends, interest, refunds, and other sums payable to the Trustees on account of such contracts), all investments made and held by the Trustees, all income, increments, earnings and profits therefrom, and any and all other property or funds received and held by the Trustees by reason of their acceptance of the Restated Agreement and Declaration of Trust.

This certifies that the above Amendment was approved by the Trustees at a meeting on July 8, 2008.

Dated: 7/8/08

_____
Union Trustee

Dated: 7-8-08

_____
Employer Trustee

**RESTATED AGREEMENT AND DECLARATION OF TRUST
OF THE LABORERS LOCAL 589 TRAINING FUND
AMENDMENT**

Pursuant to Section 9.1 of the Restated Agreement and Declaration of Trust, the following amendments are hereby adopted:

1.      The following new subsection is added to Section 3.13:

        (e) Any one or more members of the Board of Trustees may participate in a meeting of the Board of Trustees by conference telephone, video conference, or similar communications equipment allowing all participants in the meeting to hear each other at the same time. Participation by such means shall constitute presence at a meeting.

2.      The following new language is added to Article Four, Contributions and Collections:

        Effect of Employer's Failure to Maintain Records.   In the event the Employer does not maintain or otherwise does not have in its possession records of the number of hours worked by each covered  Employee, the Employer agrees that in order to determine the number of hours for which contributions are required to be submitted to the designated Fund, the covered Employee's gross wages shall be divided by the applicable hourly wage rate set forth in the collective bargaining agreement for the covered Employee's job classification, which classification shall be determined by the Trustees after consultation with the Union.

        Plan Assets – Withheld Contributions.   Title to all the monies paid into and/or due and owing to the Trust Fund shall be vested in and remain exclusively in the Trustees of that Fund;  outstanding and withheld contributions constitute Plan assets.

        Effect of This Trust Agreement.   To the extent this Trust Agreement conflicts with the terms and provisions of a collective bargaining agreement, the terms and provisions of this Trust Agreement shall govern. If this Trust Agreement conflicts with the terms and provisions of the separate Collections Policy established by the Trustees, the terms and provisions of the separate Collections Policy shall govern.

3.      Section 5.14  is amended to read in full as follows:

        Trustees to Act Without compensation.   The Trustees shall act in such capacity without compensation, but they shall be entitled to reimbursement for the expenses properly and actually incurred in the performance of their duties with the Trust Fund, including, without limitation, attendance at meetings and other functions of the Board of Trustees or its committees or while on business of the Board of Trustees, attendance at institutes, seminars, conferences or workshops for or on behalf of the Trust Fund.  However, solely in the Trustees' discretion, any Trustee who does not receive "full-time pay" (as defined in 29 C.F.R. §2550.408 c-2) from an Employer, any association of Employers or from the Union, and is not compensated for time spent at Trustees' meetings or for time and services devoted to Fund business, shall be compensated for such time in such amounts which, in the Trustees' opinion, will adequately and reasonably compensate such Trustee for the time spent at Trustees' meetings and/or the time and services devoted to Fund business.

4.    The following paragraph is added to Section 6.3:

The Participant may thereafter commence a legal proceeding against this Fund if he or she disagrees with the final decision of the Trustees regarding his or her claim or controversy. However, no legal action may be commenced or maintained against the Fund more than ninety (90) days after the Trustees' final decision on appeal is deposited in the mail to the Participant's or Beneficiary's last known address.

This certifies that the above Amendment was approved by the Trustees at a meeting on the _7th_ day of _August_ , 2002.

Dated: _8/7/02_

David P. Marsh
Union Trustee

Dated: _8/7/02_

George D. Weaver
Employer Trustee